## JOHNSON vs. WILSON, Administrator, etc.

1. NEW TRIAL.— After two trials before a jury, resulting in concurrent verdicts, a new trial will not be granted, except for extraordinary causes.
2. FOREIGN ADMINISTRATOR— WAIVER.— An administrator as such cannot maintain an action in the courts of Wisconsin by virtue of letters of administration granted in any other Territory or State; but this objection will be waived unless taken at the proper time and in the proper manner.
3. PLEADING.— The proper method of objecting to the right of a foreign administrator to sue in our courts is to crave oyer of his letters of administration, and then plead in abatement. After pleading the general issue the objection cannot be taken.

ERROR to the District Court for *Iowa* County.

Action of assumpsit brought by Robert Wilson as administrator of the estate of *Thomas Wilson*, against *Esau Johnson*, to recover the amount of a draft or order for the sum of two hundred dollars, drawn by *Johnson* upon one Lee in favor of the plaintiff's intestate, which was not paid on presentation by the drawee. The defendant pleaded the general issue with a notice of set-off. At the first trial the plaintiff obtained a verdict, which was set aside by the court and a new trial granted. At the second trial the plaintiff offered in evidence letters of administration granted to him on the estate of *Thomas Wilson* by the probate justice of Vermilion county, Illinois, on the 7th day of October, 1837, to the reading of which the defendant objected, but the district court overruled the objection. He also offered in evidence the order on which he brought the action, the defendant admitting that his signature thereto was genuine, but it was not read to the jury until the defendant had entered upon his case, when he objected to its being read, as the plaintiff's testimony had been closed. The instructions given and refused appear in the opinion of the court, but the record does not contain the testimony upon which they appear to have been based.

*Moses M. Strong*, for the plaintiff in error, contended that the district court erred in permitting the letters of administration, granted in Illinois to the plaintiff, to be read in evidence, and that as an administrator he had no right to maintain an action in Wisconsin by virtue of letters granted to him in any other State or Territory ; and he cited Story on Conflict of Laws, § 513 ; 2 Kent's Com. 431 ; 1 Williams on Executors, 287 ; 3 P. Wms. 369 ; 2 Atkins' Ch. 63 ; 9 Cranch, 152 ; 1 id. 92 ; 5 Peters, 527 ; 12 Wheat. 175 ; 11 Mass. 262, 313 ; 3 id. 522 ; 1 Johns. Ch. 156 ; 1 Pick. 85 ; 6 Johns: Ch. 357 ; 7 Cow. 67 ; 4 Mason, 32 ; 1 Dall. 678 ; 1 Binney, 63 ; 9 Serg. & Rawle, 256.

*F. J. Dunn*, for the defendant in error, insisted that this objection was not taken at the proper time nor in the proper manner ; that the defendant below, having pleaded the general issue and gone to trial on the merits, had admitted the plaintiff's right to sue, and that he should have raised the objection before pleading to the merits.

MILLER, J.    This was an action of *assumpsit* brought by the defendant in error against the plaintiff in error, to recover the amount of an order, etc.    The cause was twice tried on its merits on the general issue, with notice of set-off; and, to reverse the judgment rendered on the second verdict, this writ of error was sued out.

The first error assigned is, "that the district court should have granted a new trial, because the verdict of the jury was contrary to law and evidence."    This court is not in possession of the facts sufficient to determine whether injustice has been done to the defendant by the decision of the jury on the evidence in the cause ; and even if it were, it would require an extraordinary case to induce the court to set aside the verdict of a jury a second time.    The reasons in law for a new trial are embraced in the bill of exceptions allowed and signed by the judge, and now included in the errors assigned. So far as can be collected from the record, the court very

properly overruled the motion for a new trial, and left the party to his remedy by writ of error on his bill of exceptions.

The second error assigned is, "that the court erred in not arresting the judgment, because the declaration does not show such a case as entitled the plaintiff to recover." This point was raised in the district court on a motion in arrest of judgment, which was overruled, and is now assigned for error. The declaration alleges a promise to *Thomas Wilson* in his life-time; that the order was negotiated and in his possession at the time of his death, and contained all the essentials of a cause of action. Although the declaration is not as formal as it might have been drawn, yet, after a trial on the merits and verdict, we consider it sufficient. 17 Serg. & Rawle, 250; 15 id. 61; 1 Pet. 489; 1 id. 9.

The third error assigned is disposed of by our decision on the second.

The fourth error assigned is the one most relied on by the plaintiff in error. The question attempted to be raised is, whether an administrator appointed by the justice of probate in the State of Illinois can maintain an action in the courts of this Territory. It is abundantly clear that a foreign administrator cannot maintain an action in our courts. The officer granting the letters of administration is one of limited powers and jurisdiction, and can convey or grant no authority beyond the limits of his own State. And even if he could, it would not be proper to allow a foreign administrator to come into our courts and, with their aid, collect the assets of the estate, carry them into another jurisdiction, and thereby require the creditors of the deceased in this Territory to receive payment or distribution of the same according to the laws of a foreign and distant government. This point is well settled in all the States of the Union, and the privilege can only be extended by positive statute. In this case, there is nothing in the declaration to show that the administration was not granted in this Territory; the

legal inference is that it was so granted. The defendant went to trial twice, on the merits under the general issue, without any notice to the plaintiff that he intended to question his right to commence and prosecute this action. If the objection had been reduced to some definite form in time, there would have been no difficulty in determining the cause against the plaintiff. The issue was joined and the parties went to trial on the merits, which rendered it unnecessary for the plaintiff to exhibit his letters of administration on the trial; nor could the defendant have been permitted to offer any evidence on that point, and whether the plaintiff proved, or attempted to prove, that he was the legal administrator, was immaterial under the issue. 11 Mass. 314. And, if I mistake not, the same point is decided in 3 Day. In almost all the cases cited at the bar, on the argument of this case, it appears that the point was raised by plea in abatement, or special plea in bar. This matter should have been brought up in one of these ways. It is, in effect, a plea to the disability of the plaintiff. It does not touch the merits of the action or the validity of the demand, but merely alleges that the plaintiff is not entitled to maintain the action. 1 Chit. Pl. 445; 1 Saund. 274, note 3; 11 Mass. 315. Mr. Justice STORY, in delivering the opinion of the supreme court of the United States, in the case of *Childres v. Emery*, 8 Wheat. 471, uses the following language: "If the defendant would have objected to the letters testamentary of the plaintiff, he should have craved oyer so as to have brought them before the court. Unless oyer be craved and granted, they cannot be judicially examined." Under the laws of this Territory, the proper practice would be to crave oyer of the letters of the administration, and then plead in abatement.*

The fifth error assigned, "that the court erred in permitting the plaintiff to read in evidence to the jury the order on which he sought to recover, after his testimony was closed, and while the defendant below was introducing his testimony," does not seem to have any force in it.

The record shows that the order had been introduced before the court and jury at the proper time, and admitted to have been executed by defendant. The reading of it to the jury, having been neglected for the moment, there was no error in the court allowing it to be read before the testimony closed.

The sixth error assigned refers to the following charge of the court, in answer to a point presented : "The same strictness is not required in this case in presenting this order, and in giving notice of the non-payment, as is required in commercial transactions; but the order must be presented in a reasonable time, and notice of non-acceptance or non-payment must be given in a reasonable time, and that the jury must judge from all the circumstances of the case what was a reasonable time; and also, that if there was any agreement between the parties as to the time in which the order should be presented, or notice of non-payment or non-acceptance given, it would take the case out of the ordinary rules in relation to these subjects, and it must conform to the agreement of the parties." Whether the instrument sued on was a foreign bill of exchange which required to be protested, etc., it is not necessary to decide, as there was evidence before the jury on the subject of the presentment and notice, which must control the action of the parties and their legal rights. Under these circumstances, we cannot admit that there is error in this part of the charge.

The seventh error assigned, to wit, "that the court erred in refusing to instruct the jury that when the drawer of a bill of exchange or order for money resides in a different State from the drawee, the law requires that notice of non-acceptance be given, and protest shall be made before the drawer shall be charged with such order or bill," is disposed of in the disposition made of the sixth error assigned. The agreement of the parties must regulate their conduct and control their rights in this particular; and even without such agreement, there is nothing on the record to show that there was proof

made in the cause that the drawer and drawee lived at the time of the negotiation of this order, in different States, and consequently there was no error in the court refusing to answer as prayed for. It is not error in a court to refuse an answer to a proposition not based upon evidence in the cause.

The eighth error assigned, "that the court erred in the charge to the jury in relation to admissions of the defendants," merely deserves a passing notice. There is no point better settled than that declarations and admissions, made by one party to another while mutually engaged in effecting a compromise of their difficulties, cannot be given in evidence.

Upon the whole, the court is unanimously of opinion that the judgment of the district court be affirmed.