## HAFERN vs. DAVIS.

ERROR TO CIRCUIT COURT, DODGE COUNTY.

Heard November 11, 1859.]                    [Decided February 7, 1860.

*Guardian—Next Friend—Summons—Publication.*

A judgment entered after verdict will not be reversed for an error committed in the appointment of a next friend to prosecute the action.

Where a party seeks to bring a defendant into court upon publication of summons under the code, he must strictly comply with the requirements of the statute, and unless this be done, the judgment will be reversed for want of jurisdiction of the person of the defendant.

Statements on information and belief merely, that the defendant's residence cannot be ascertained, or that his whereabouts cannot be discovered, are not sufficient evidence of non-residence in the state to authorize an order of publication of the summons. Such statements are but hearsay, and do not amount to legal proof.

This was an action commenced by Sally Ann Davis, 17 years of age, by her father Harry Davis, against Martin Hafern, for damages for breach of promise of marriage. The petition of the plaintiff is signed by herself and sworn to, and the father consented to serve, and the order appointing him is signed by the circuit judge. The summons, being in the usual form, was returned by the sheriff, that by diligent search he could not find the defendant in the county. The attorney for the plaintiff then made an application for an order of publication of the summons, to a court commissioner of the county, which was granted to him. The affidavit on which that order was based, was as follows: " Horrace D. Patch, of Beaver Dam, in said county, being duly sworn, says he is the attorney for the above named plaintiff, that a cause of action exists against defendant, that said action is brought against said defendant for breach of promise of marriage, that a summons has been issued in said action; that upon information and belief said defendant has absconded and left the state of Wisconsin; deponent has made diligent inquiry of the neighbors of said defendant, where he resided before leaving this state, and is unable after such inquiry to ascertain the residence of the defendant, or where he may be found: deponent has been informed that

said defendant has been in Kansas since he left this state, but cannot ascertain where he now is, but believes he keeps himself out of this state to prevent being served or arrested on process.

The defendant did not appear, and the case was tried by the court without a jury, who found for the plaintiff, and entered judgment for $500 and costs. From that judgment the defendant sued out this writ of error, and assigned for error: 1st, there was no next friend appointed for the infant plaintiff, as required by statute. 2d, The court acquired no jurisdiction over the person of the defendant. The affidavit for, and order of publication of summons, are insufficient to bring the defendant within any of the cases provided for by the code.

*Smith and Ordway*, for the plaintiff in error.

*H. D. Patch, and Smith, Keyes and Gay*, for defendant in error.

*By the Court*, DIXON, C. J. The judgment in this case cannot be reversed for any irregularity in the appointment of the next friend of the defendant in error. By our statute of jeofails, as it existed prior to the repeal of the statutes of 1849, such defect was cured by verdict or judgment in favor of the infant. Sub. 7, sec. 7, chap. 100, Revised Statutes of 1849. Our present statute is much more broad and liberal. All objections not going to the merits of the action or defence, seem to be swept out of existence. Section 40, of chapter 125, provides: "the court shall, in every stage of an action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of any such error or defect." This is evidently an error or defect which does not affect the substantial rights of the plaintiff in error.

The affidavit on which the order for publishing the summons was made is clearly defective, and by it no jurisdiction

was conferred either on the commissioner or court. It is a well settled rule that in all such special proceedings, by which the rights of absent or non-resident defendants are to be affected or bound, the requirements of the statute must be strictly complied with. This affidavit does not state a case falling within either subdivision of section 40 of the code. It is so totally defective that it is difficult to say under which subdivision the pleader intended to proceed. It comes, perhaps, nearer to making a case under subdivision two than any other, and such may have been the intention. If so, it is defective in not stating that the defendant, (plaintiff in error) was a resident of this state, or that he departed therefrom with intent to defraud his creditors or avoid the service of a summons. It might, it is true, be inferred from the statements that he " has absconded and left the state of Wisconsin," and " deponent has made diligent inquiry of the neighbors of said defendant, where he resided before leaving the state," that he was or had at some time been a resident, if it was not afterwards stated that the deponent was " unable, after such inquiry, to ascertain his residence." If it be permissible to state such facts inferentialy, the inference to be drawn from the two first statements, is neutralized by the last. If he ever resided in this state, the particulars of such residence, as to time and place, are not shown, nor does it appear when, or with what intention, he departed. The statute plainly refers to the defendant's place of residence at the time the proceedings are taken. The allegation that the deponent " cannot ascertain where he is, but believes he keeps himself out of this state to prevent being served or arrested on process," is no evidence to show with what intent he departed. He might have left from very proper motives, and yet this charge be true. It is the intent with which he departed, and not that with which he keeps out of the state, that constitutes the basis of the proceeding under this subdivision.

If intended as a proceeding under the third subdivision, then the affidavit is not good. It does not state that the defendant was a non-resident, nor that he had property within this state.

The affidavit is in other respects irregular. Most of the statements are made upon *information* and *belief.* Such statements are but hearsay, and not evidence of facts. They are excluded by the familiar rule of law which requires the best evidence of which the nature of the case will permit. We do not wish to be understood as deciding that in no case can such statements be received. Under certain circumstances, and in connection with other facts clearly proved, they, perhaps, may be. But where the facts are such as can be established by direct and positive testimony, they should be. Such was the fact of residence in this state ; yet all that is said upon this subject is upon information and belief merely. It is a general rule that witnesses must speak of facts and circumstances within their own knowledge. If information is received, it should be as to such matters as cannot otherwise be shown. The names of the informants should be stated, so that the officer may judge of their credibility and means of knowledge, and a satisfactory reason shown for not calling them, as that they are members of the defendant's family, or adversely interested. 6 Hill, 187. None of these things were done in this case.

There having been no legal evidence before the commissioner tending to prove many of the material facts to be established, no such *prima facie* case was made out as to give him jurisdiction, and make his decision conclusive.

The judgment of the circuit court must, therefore, be reversed.