Smith and another, Ex'rs, vs. PECKHAM, Executrix.

ACTION BY FOREIGN EXECUTOR: PLEADING: PROBATE COURT. *(1) When foreign executor may sue here. (2) How plaintiff's mere disability must be pleaded. (3) Query as to reversal of judgment for plaintiff's disability. (4) How question of disability of claimant in probate court must be raised. (5) When foreign executor may maintain appeal from probate court, his prior disability being removed after the appeal. (6) What probate court has jurisdiction of will. One suing as executor must allege testator's residence at death.*

1. Under the statute authorizing a foreign executor or administrator of the estate of a person not a resident of this state at the time of his death, to prosecute actions here in behalf of such estate, "upon filing an authenticated copy of his appointment in the probate court of any county of this state" (Tay. Stats., 1720, § 25), the disability of such executor, etc., to sue before such filing is *mere disability,* and not want of title.

2. Before the letters testamentary, etc., are filed here, such disability can be taken advantage of, by answer, only by way of *abatement.*

3. A mere disability to sue, not going to the right of action, may be cured *pendente lite;* and *quære* whether (under R. S., ch. 125, sec. 40) a judgment on the merits would be reversible for such disability, even where the objection had been seasonably taken, and overruled.

4. An objection in probate court to a claim against an estate on the ground that it was "outlawed and illegal and void for usury," *held,* not to raise the question of the disability of the claimants.

5. On appeal from an order allowing such claim, it appeared from the formal complaint of the claimants in the circuit court, that their foreign letters testamentary of the estate in whose behalf the claim was made, were first filed *after* the appeal. *Held,* on demurrer, that the complaint was not bad for that reason.

6. The proper jurisdiction for the probate of a will is that of the testator's domicile at death; and the complaint herein not showing the residence of plaintiff's testatrix at her death, an order overruling a demurrer thereto is reversed with directions to allow an amendment of the complaint.

APPEAL from the Circuit Court for *Milwaukee* County.

On March 30, 1874, a claim was filed in the probate court for Milwaukee county, against the estate of G. W. Peckham, deceased, by the plaintiffs as executors of the estate of Eliza Griggs, deceased, of Albany county, New York. On April 20, 1874, objection to the allowance of the claim was made in writing, on the grounds that it was outlawed, and was void for usury. On October 23, 1874, the claim was allowed by the county judge. On appeal, the circuit court made an order, May 3, 1875, that an issue be made up; and accordingly the complaint was filed on the 4th of May, and on May 27 an amended complaint was filed. The latter alleged, in substance, that on April 9, 1863, George W. Peckham made and delivered to Eliza Griggs a promissory note (describing it), on which divers payments were made between April 9, 1864, and April 9, 1869; that afterwards Eliza Griggs died, leaving a will, " which was duly proved and admitted to probate in the office of the surrogate of the county of Albany, in the state of New York, and letters testamentary were thereupon duly issued " to the plaintiffs, who had qualified and entered upon their duties as such executors, which office they still held; that on May 21, 1875, they had caused to be filed in the probate office of the county court of Milwaukee county, an authenticated copy of such appointment; and that no executor or administrator of such estate had been appointed in this state. There were further averments of the representative character of the defendant, and that the note in suit was unpaid, etc.

The defendant demurred to the complaint on the grounds, 1. That the plaintiffs had no legal capacity to sue, because it appeared from the complaint that they brought the suit as foreign executors, and it was not alleged that, before the commencement of the suit, they had filed a copy of their appointment, etc. 2. That the complaint did not state a cause of action, because it did not allege that any proceedings had been taken in any court to cause the assets of said Eliza Griggs

to be recovered or administered according to the laws of this state, or by which the plaintiffs had acquired any title to the alleged demand as the representatives of the said Eliza Griggs. From an order overruling the demurrer, the defendant appealed.

*J. P. C. Cottrill*, for appellants:

The demurrer should have been sustained. 1. In this country, formerly, the power of granting letters testamentary and of administration was vested in the ecclesiastical courts. Dayton on Sur., 1 and 2; 2 Black. Com., 494; Williams on Ex'rs, 261. Although the character of the tribunals by which this power is exercised in the different states may differ in some particulars, the source of authority is the same, viz., the sovereignty of the state within which it is exercised. It is universally held that the executor or administrator appointed in one state cannot prosecute a suit in the courts of another state, or obtain title to the assets of his decedent therein, unless invested with such authority and title by the laws of that state. Story's Confl. of Laws, 412, 513, 514; *Noonan v. Bradley*, 9 Wall., 394; *Thompson v. Wilson*, 2 N. H., 292; *Langdon v. Porter*, 11 Mass., 313; *Goodwin v. Jones*, 3 id., 512; *Chapman v. Fisk*, 6 Hill, 554. 2. The demurrer was not too late, the objection being not only to the disability of the plaintiffs, but to the jurisdiction of the court, and that the complaint does not state facts sufficient to constitute a cause of action. The objection filed to the claim merely admitted that *Smith* was a foreign executor. R. S., ch. 75, secs. 7 and 9; *Noonan v. Bradley*, 9 Wall., 394. There were no pleadings in the matter from which the appeal was taken. R. S., ch. 101, secs. 1, 25. The proceedings before the commissioner were equivalent to the service of a summons in an action, and no more. *Fenner v. Manchester*, 6 R. I., 142. 3. The plea *ne unques administrator* is a plea in bar as well as in abatement. *Noonan v. Bradley, supra; Langdon v. Potter*, 11 Mass., 313; 1 Chitty's Pl., 435. 4. The filing after suit

brought of the "authenticated copy," etc., required by the statute (R. S., ch. 14, sec. 25) cannot help the plaintiff. There must be a strict compliance with the statute. *Mansfield v. Turpin,* 32 Ga., 260.

*F. W. Cotzhausen,* for respondent:

1. The appellant, by objecting to the allowance of the claim on specific grounds, and by answering on the merits, waived all objections to the legal capacity of the plaintiffs to sue. The appearance and objection to the petition in probate was tantamount to an answer. *Brook v. Chappell,* 34 .Wis., 405; *Moir v. Dodson,* 14 id., 279; *Johnson v. Wilson,* 1 Pin., 65; *Sanford v. McCreedy,* 28 Wis., 103. 2. The disability of plaintiffs was removed by filing the authenticated copy on May 21, 1875. The defect, if any, is of a technical nature, and should be disregarded. *Sabine v. Fisher,* 37 Wis., 376. The court had the power to allow letters testamentary to be filed at any stage of the suit, *nunc pro tunc.*

RYAN, C. J. Whatever difficulty there may be in the question elsewhere (Story's Confl., §§ 507–529), there appears to be no doubt here that the disability of a foreign executor or administrator to sue in the courts of this state, is mere disability and not want of title.

Under our statute (Tay. Stats., ch. 147, § 25), a foreign executor or administrator takes here no new letters, authority or title, but is required only to record the letters, authority and title from the foreign court. Like the record of a conveyance, this is matter of evidence of title, not of title; the title still resting on the grant of the foreign court, though it can be asserted in our courts only upon the record of it. The filing of the foreign letters here is purely ministerial, requiring no action of the court here and giving it no jurisdiction. Before the record, the general disability of a foreign executor or administrator to sue outside of the state granting his letters

continues here; with the record, the disability ceases upon that proof of title under the foreign jurisdiction.

Even before the record, the disability can be taken advantage of only by way of abatement. So far as the case can bear any relation to the law of this state, there is no doubt, on principle or authority, that the dissenting opinion in *Noonan v. Bradley*, 9 Wall., 394, states the correct rule of pleading. And being waived as matter of abatement, it cannot be raised by way of bar. *Moir v. Dodson*, 14 Wis., 279; *Johnson v. Wilson*, 1 Pin., 65. See Story's Confl., § 465.

And a mere disability to sue, not going to the right of action, may be cured here *pendente lite*. *Sabine v. Fisher*, 37 Wis., 376. Indeed, if the disability had not been removed in this case, and it had gone to judgment on the merits for the respondents, it would be a question whether, under sec. 40, ch. 125, R. S., we should be at liberty to reverse the judgment for an erroneous ruling of this point by the court below against the appellant on the demurrer. *Hafern v. Davis*, 10 Wis., 501; *Wheeler v. Smith*, 18 id., 651; *Bonnell v. Gray*, 36 id., 574.

The proceeding in the probate court was very informal, and the paper filed by the appellant by way of plea does not raise the question of the respondent's disability. The question was first raised by the demurrer to the formal complaint filed under the order of the circuit court. We are inclined to think that it was then in time (*Tarbox v. Supervisors*, 34 Wis., 558), if well taken; but the difficulty was removed by the intermediate filing of the letters testamentary of the respondents.

So far we have assumed that the respondents' letters issued from the proper court having jurisdiction at the domicile of their testatrix. But the residence of the testatrix at the time of her death is not averred in the complaint. This is obviously a formal, but appears to us to be a fatal, objection to the complaint. *Non constat* that the testatrix was not domi-

ciled in this state when she died, and that the probate juris-
diction of her estate was not here. Of course the proper
jurisdiction for the probate of her will, in chief, was that of
her domicile at death. Probate of her will elsewhere would
be ancillary. The statute is probably intended to relate only
to letters testamentary and letters of administration issued in
the jurisdiction of the domicile at death. It obviously has no
application to cases where the decedent was domiciled here at
the time of death, and jurisdiction to administer the estate was
in one of our own courts.

On that ground only we sustain the demurrer. But the
court below should allow the respondents to amend their com-
plaint in this particular.

*By the Court.* — The order of the court below is reversed,
and the cause remanded for further proceedings in accordance
with this opinion.