Tobin, Respondent, vs. Nichols and another, Appellants.

*February 5—February 24, 1914.*

*Trial: Special verdict: Refusal to submit, when error: Evidence: Offers of settlement.*

1. Under sec. 2858, Stats. 1913, making a special verdict, when duly demanded, a matter of right, it is error to refuse to submit a special verdict in a case in which, upon the evidence, there are several material, controverted issues of fact.

2. Offers of settlement made before or after suit are not admissible in evidence against the party making them.

APPEAL from a judgment of the circuit court for Dodge county: MARTIN L. LUECK, Circuit Judge. *Reversed.*

Plaintiff, who owns twenty acres of marsh land, sued the defendants for the destruction of the hay and grass thereon, resulting from a fire which was started by the defendants on the adjoining land and which afterwards escaped to plaintiff's land. The answer was a general denial; but on the trial the defendants admitted the kindling of a fire on the adjoining land August 31, 1911, and admitted that it was allowed to escape to the plaintiff's land, but claimed by their evidence that they whipped the fire out before it had burned more than an acre or two of stubble and dead vegetation. They also claimed that a second and independent fire took place four or five days later which burned over a large part of plaintiff's land, and that this second fire caused all the substantial damage for which the plaintiff sued, if in fact there was any substantial damage. The plaintiff claimed that there was but one fire, or, in other words, that the so-called second fire was only a continuation of the first. The defendants in due time asked for a special verdict, but the request was refused on the ground that the only question in the case was as to the amount of the damages.

Evidence was introduced by the plaintiff against objection and exception that plaintiff met defendant *Snowden* some days after the fire and before the action, and that *Snowden* then said that he would rather give something than have any trouble over the matter, and, after some discussion as to the value of the marsh hay burned, offered to pay the plaintiff, "just to avoid all further trouble," the sum of $24 in full settlement. Evidence as to a conversation with *Snowden* after the action was commenced, in which *Snowden* offered to buy the plaintiff's land at $450 "and call the lawsuit off," was also received against objection and exception.

The jury returned a general verdict for the plaintiff by

direction of the court and assessed the damages at $100, and the defendants appeal from judgment on the verdict.

For the appellants there was a brief by *Burke & Lueck,* and oral argument by *R. W. Lueck.*

For the respondent the cause was submitted on the brief of *J. E. & J. F. Malone.*

WINSLOW, C. J. In this case the following propositions are decided:

1. Under the statute making a special verdict a matter of right (sec. 2858, Stats. 1913), and the rule that "every material, issuable fact controverted on the evidence" should be covered by an appropriate question (*Schliesleder v. Milwaukee E. R. & L. Co.* 147 Wis. 668, 134 N. W. 144), it was error to refuse to submit a special verdict in the present case, because the evidence made it clear that the issues really raised by the pleadings and litigated on the trial were (1) whether there were two independent fires, for the second of which the defendants were not responsible; (2) if not, what was the total damage; (3) if so, what was the damage caused by the first fire.

2. Offers of settlement made before or after suit are not admissible in evidence against the party making them, because the settlement of controversies is favored in the law, and if the fact of an offer of settlement could be placed in evidence as an admission of liability there would be few who would venture to attempt a settlement. *Taylor v. Tigerton L. Co.* 134 Wis. 24, 114 N. W. 122.

3. These errors must be regarded as affecting the substantial rights of the appellants, and hence as entitling them to a new trial.

*By the Court.*—Judgment reversed, and action remanded for a new trial.