Klas v. Kuehl, 159 Wis. 561.

KLAS, Respondent, vs. KUEHL, Appellant.

*January 12—February 9, 1915.*

*Trial: Special verdict: Denial, when error: Demand before introduc-
tion of evidence: Letting farm on shares: Failure to plow: Ex-
cuses: Division of produce: "Fruit:" Increase of "stock."*

1. Where there are several material controverted issues raised by
   the pleadings it is error to deny a seasonable request for a spe-
   cial verdict.
2. A request by defendant for a special verdict, made before he has
   introduced any evidence, is seasonably made under sec. 2858,
   Stats.
3. An admission, in the nature of a concession for the purpose of
   narrowing the issues, made by defendant before demanding a
   special verdict was not the introduction of evidence on his be-
   half within the meaning of sec. 2858, Stats.
4. Error in refusing to submit a special verdict cannot, upon the rec-
   ord in this case, be said to have been nonprejudicial.
5. Where, in the lease of a farm upon shares, the lessee agreed that
   when he left at the end of the term he would leave a certain num-
   ber of acres plowed, evidence that because of bad weather he did

not have time to do the plowing before the termination of the lease and that thereafter he was refused the use of the lessor's horses to do the plowing did not show any legal excuse for failure to perform; and the admission of such evidence was prejudicial error.

6. So, also, refusal to instruct the jury that the lessor was entitled to reimbursement for such failure to plow was prejudicial error.

7. Strawberries and grapes are "fruit" within the meaning of a lease of a farm upon shares.

8. Under a lease of a farm upon shares, providing that the lessor should place not less than twenty-five cows on the farm and not less than eight horses for working purposes, that "said stock and horses" should be and remain his property, and that he should have two thirds, and the lessee one third, of the increase of stock, a catch colt foaled by one of the working horses was not "increase of stock."

APPEAL from a judgment of the county court of Dodge county: C. W. LAMOREUX, Judge.  Reversed.

This action was brought upon a written contract entered into between the parties for the leasing of a farm and division of product.  Under the terms of this lease the plaintiff was to work the defendant's farm of 282 acres upon shares, plaintiff to have one third and the defendant two thirds.  The plaintiff claims that the defendant breached the lease by collecting money on sales of produce and refusing to pay plaintiff his portion; and further that the defendant took certain personal property and increase of stock belonging to plaintiff, and that plaintiff performed work on the farm at the defendant's request for which defendant refused to pay, making an aggregate claim by plaintiff of over $300.

The defendant answered admitting the execution of the lease and that the plaintiff took possession under it, and denied certain allegations of the complaint, and made certain claims against the plaintiff growing out of the lease, and also set up a counterclaim alleging failure to perform conditions on the part of the plaintiff, among others that the plaintiff agreed to leave 120 acres plowed at the expiration of the lease, and that he plowed only eighteen; that defendant was damaged thereby in the sum of $153, and that the defendant

sustained other damages in consequence of the breach of the contract in various sums aggregating over $300.

The plaintiff seasonably moved for a reference, which was denied. The action was tried in the county court of Dodge county and a general verdict rendered in favor of the plaintiff assessing his damages at $181.11.

The defendant moved for a new trial upon several grounds which was denied. Judgment was entered in favor of the plaintiff on the verdict, from which this appeal was taken.

The principal errors relied upon for reversal are (1) that the court erred in refusing to direct the jury to find a special verdict as requested by the defendant; (2) the court erred in admitting evidence; (3) error in refusing to instruct the jury as requested by the defendant.

For the appellant there was a brief by *Burke & Lueck,* and oral argument by *A. W. Lueck.*

*C. M. Davison,* for the respondent.

KERWIN, J.   1. The defendant moved for a special verdict, which was denied and the case submitted on a general verdict.   This court has repeatedly ruled that when a special verdict is seasonably demanded the party demanding it is entitled to have it submitted as a matter of right and that it is error to refuse it. *Schumaker v. Heinemann,* 99 Wis. 251, 74 N. W. 785; *Gatzow v. Buening,* 106 Wis. 1, 81 N. W. 1003; *Pearson v. Kelly,* 122 Wis. 660, 100 N. W. 1064; *Schliesleder v. Milwaukee E. R. & L. Co.* 147 Wis. 668, 134 N. W. 144; *Tobin v. Nichols,* 156 Wis. 235, 145 N. W. 659.

Where there are several material controverted issues raised by the pleadings it is error to refuse a special verdict. *Tobin v. Nichols, supra.*   Counsel for respondent attempts to escape the error in refusing to submit a special verdict on the ground that there was but one controverted issue and that the appellant did not seasonably move for a special verdict, and further that if error were committed it was not prejudicial.

There is no doubt from the record but that there were sev-

eral controverted material issues raised by the pleadings, hence the defendant was entitled as matter of right to a special verdict. But it is argued that the request was not seasonably made. The request was made before the introduction of any evidence in defendant's behalf. This was sufficient and seasonable under the statute. Sec. 2858, Stats.

It appears from the record that after plaintiff rested and before appellant demanded a special verdict he made a certain admission, and it is claimed that this admission was the introduction of evidence, after which it was too late to demand a special verdict as matter of right. The contention is untenable and exceedingly technical. The admission was not the introduction of evidence on the part of defendant within the meaning of the statute, but rather in the nature of a concession for the purpose of narrowing the issues.

The claim that the refusal to submit a special verdict was not prejudicial is not well made. It is clear from the record that there were several material controverted issues submitted to the jury, and the defendant was entitled, as matter of right, to have these issues submitted to the jury by appropriate questions, and it cannot be said upon the record in this case that the defendant was not prejudiced by refusal to submit the special verdict.

Counsel for respondent relies upon certain language of this court in *Gatzow v. Buening,* 106 Wis. 1, 81 N. W. 1003, to the effect that refusal to submit a special verdict is not ground for a new trial if substantial justice has been done. An examination of that case will show that it is not authority for respondent's contention here. The court merely held that the court was not bound on request for a special verdict to submit questions covering uncontroverted facts. *Gatzow v. Buening, supra,* at p. 17.

2. The lease in question contains the following provision:

"Whereas, there is about one hundred and twenty (120) acres now plowed upon said farm above described; it is agreed

when the lessee leaves said farm at the termination of this lease, that he will leave plowed one hundred and twenty (120) acres thereof."

The plaintiff left the farm at the termination of the lease with only eighteen acres plowed, leaving one hundred and two acres unplowed. The defendant claims $153 damages for this. The plaintiff pleaded no excuse for this breach. On the trial the plaintiff was permitted to put in evidence, against the defendant's objection and exception, that he did not have time to do the plowing before termination of the lease on account of bad weather, and that defendant refused to allow him to take defendant's horses to do the plowing after termination of the lease.

This and other evidence of similar character was clearly inadmissible and prejudicial. The contract expressly provided that the plowing was to be completed at the time of the expiration of the lease. The evidence admitted furnished no legal excuse for failure to perform the contract and was well calculated, and doubtless did, influence the jury to the prejudice of the defendant. The plaintiff was bound under the contract to perform as agreed. *Williams v. Thrall,* 101 Wis. 337, 76 N. W. 599; *Vogt v. Hecker,* 118 Wis. 306, 95 N. W. 90; *Cook v. McCabe,* 53 Wis. 250, 10 N. W. 507.

3. The court refused to instruct the jury as requested by defendant to the effect that defendant was entitled to be reimbursed from the plaintiff for the 102 acres which plaintiff failed to plow in accordance with the provisions of the lease. This was prejudicial error.

Counsel for defendant also requested the court to instruct the jury to the effect that strawberries and grapes are fruit within the meaning of the lease. The requests were refused. We think it clear that these requests should have been given. Grapes and strawberries are ordinarily understood to be fruit and are so defined by lexicographers. Standard Dict.; Webster, New Internat. Dict. Whether strawberries and grapes

are fruit within the terms of the lease was material in determining the respective claims of the parties under the lease.

4. Error is also assigned for refusal to give the following instruction:

"I instruct you as a matter of law that the colt for which the plaintiff claims his share is not increase of stock within the meaning and terms of the lease and that the plaintiff is not entitled to reimbursement from the defendant for one third thereof."

This colt was foaled from one of the eight horses furnished by defendant on the farm for work. Upon this point the lease provided:

"The said lessor shall stock said farm to such extent as he desires, but he shall place not less than twenty-five cows on said farm and not less than eight horses for working purposes. Said stock and horses shall be and remain the exclusive property of the lessor. The lessor shall have two thirds of all increase of stock, and of all produce, such as milk and butter, and the said lessee shall have one third of all increase of stock, such as milk and butter."

The evidence shows that the colt referred to is what is called a catch colt. The mother was a draft mare, a bronco, and the father half-bronco. Nothing was paid for the services of the father of the colt.

Whether the colt was "increase of stock" within the meaning of the lease is involved under the request to charge now considered. Under some circumstances it may well be, that horses might be classed as "stock," but under the lease in question we think they were not so intended by the parties. The lease provides for cows and horses on the farm, not less than twenty-five cows, and eight horses for working purposes. The horses were furnished for work, not for breeding. Besides, the lease refers to the cows and horses as stock and horses, thus distinguishing the horses from stock. So we think the parties to the lease understood increase of stock to

refer to increase from cows only. *Dudley v. Deming,* 34
Conn. 169.

It follows that on account of the errors committed the
judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded
for a new trial.