STOKDYK, Appellant, vs. SCHMIDT, Respondent.

*April 6—May 11, 1926.*

*Trial: Five-sixths jury law: What constitutes jury: Agreement that question be not answered in affirmative.*

If the burden of proof is upon one party to establish an affirmative answer and ten or more jurors are not convinced that the burden has been met, then they must return a negative answer, because ten or more, *i. e.* the jury, agree that the question should not be answered in the affirmative. *Stevens v. Montfort State Bank,* 183 Wis. 621, or later cases, *contra,* overruled.

APPEAL from a judgment of the circuit court for Sheboygan county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

Action to recover damages sustained by plaintiff's automobile in a collision with defendant's car. The defendant counterclaimed for damages to his car and the jury found for him, and a judgment in his favor was entered. The plaintiff appealed.

For the appellant there was a brief by *Rubin, Zabel & Rouiller* of Milwaukee, and oral argument by *C. F. Rouiller.*

For the respondent there was a brief by *Bowler & Bowler,* and oral argument by *G. W. Buchen,* all of Sheboygan.

Stokdyk v. Schmidt, 190 Wis. 108.

VINJE, C. J.   Only one of the six assignments of error needs treatment by the court.   We are satisfied that no prejudicial error occurred in the trial of the case and that the evidence is sufficient to support the verdict and judgment.

Plaintiff's counsel took exception to the following instruction:

"On the subject of the burden of proof you are instructed as follows, gentlemen: With reference to the burden of proof in relation to any question in this verdict to which the answer is to be either the word 'Yes' or the word 'No,' the court advises you that if the greater weight of the evidence which relates to the question tends to show, and if the jury are thereby satisfied to the degree of reasonable certainty, that the answer to the question should be 'Yes,' it will then be your duty to write the word 'Yes' into the verdict as your answer to the question.   But, on the other hand, if the greater weight of the evidence which relates to the question does not tend to show, or if it does not satisfy the jury to the degree of reasonable certainty, that the answer to the question ought to be 'Yes,' then and in that case the word 'No' should be written into the verdict as the answer to the question."

It is claimed that this instruction is erroneous under the rule announced in *Stevens v. Montfort State Bank,* 183 Wis. 621, 198 N. W. 600, and for the reasons there stated, and that this rule has been adhered to in *Dick v. Heisler,* 184 Wis. 77, 198 N. W. 734; *Papke v. Haerle,* 189 Wis. 156, 207 N. W. 261.

In so far as the case of *Stevens v. Montfort State Bank* is concerned the claim is well founded.   In the *Dick Case* the question was whether the same ten or more jurors must agree as to each material question of the special verdict, and it was held that at least the same ten must, and that the instructions given did not embody that idea and were therefore erroneous.   That question is not involved in this case.   In *Papke v. Haerle* the rule was announced as to the

right of the defendant to have a question answered "No" where the burden of proof was upon the plaintiff to establish an affirmative answer, namely, when ten or more of the jurors were not satisfied by a preponderance of the evidence and to a reasonable certainty that it should be answered "Yes."

It is true the court said they should answer it "No" *or disagree.* The words "or disagree" should not have been added, because if ten or more were not convinced that it should be answered "Yes," then such ten or more constituted a jury reaching the conclusion that plaintiff had not established the fact that an affirmative answer should be given to the question. A sufficient number of jurors to constitute *a jury* were agreed that plaintiff had not established a case, and an answer of "No" was the only permissible answer in such a case.

Neither the *Stevens* nor the *Dick Case* was reversed because of the error in the instructions, but it is quite true the subject was treated and the instructions there given were held erroneous.

It remains to determine whether the rule announced in the *Stevens Case* shall be adhered to or be overruled. The instruction there held erroneous was:

"The burden of proof as to this question is upon the defendant to convince you to a reasonable certainty by a preponderance of the evidence that your answer thereto should be 'Yes,' and if ten or more of your number are so convinced you will answer the question 'Yes,' but if ten or more of your number are not so convinced you will answer this question 'No.'"

It was said that the instruction was erroneous because it left no room for a disagreement. In this interpretation of the instruction we erred, because if only nine, eight, seven, six, five, four, or three of the jurors were not so convinced but the others were, there was a disagreement. They were

Stokdyk v. Schmidt, 190 Wis. 108.

instructed that only in case ten or more were not so convinced could they answer it "No." Under our statute ten or more now constitute a jury qualified to return a verdict, so the expression "ten or more" becomes equivalent to "the jury." Courts since the origin of the jury system have instructed that if the jury are not satisfied that the plaintiff has established the material allegations of the complaint or the existence of the facts necessary to his recovery they must find for the defendant. The same holds true as to questions in a special verdict. If the burden is upon one party to establish an affirmative answer and ten or more jurors are not convinced that the burden has been met, then they must return a negative answer, because ten or more, i. e. the jury, agree that the question should not be answered in the affirmative. The instruction under consideration permits of seven different situations resulting in a disagreement. Namely, if they stand (1) three to nine; (2) four to eight; (3) five to seven; (4) six to six; (5) seven to five; (6) eight to four; (7) nine to three, in favor of a certain answer. If they stand ten to two, eleven to one, or are unanimous, they can return a valid verdict. We are not now concerned with the rule that the same ten must agree as to all material answers. If we were, there would be many more combinations in which a nugatory verdict, or a disagreement, could occur.

So in the present case when the court said, "But on the other hand, if the greater weight of the evidence which relates to the question does not tend to show, or if it does not satisfy the jury to the degree of reasonable certainty, that the answer to the question ought to be 'Yes,' then and in that case the word 'No' should be written into the verdict as the answer to the question," he meant by the words "the jury" ten or more of them as he had previously explained. In other words, he said that if ten or more of them were not convinced, their unanimity in a lack of conviction that an

affirmative answer should be given constituted a unanimity in a negative answer. We must therefore hold that we erred in announcing the rule in the *Stevens Case,* and in so far as that case or later cases conflict with what is here held they are overruled.

*By the Court.*—Judgment affirmed.