## COLE v. WRIGHT et al. (No. 10413.)

Court of Civil Appeals of Texas. Dallas.
May 4, 1929.

██

Cunningham & Lipscomb, of Bonham, for appellant.

Slay, Simon & Shannon, of Fort Worth, for appellees.

VAUGHAN, J. In this case the appellant, H. S. Cole, seeks to reverse a judgment rendered against him and his codefendant, B. O. Cole, jointly and severally, in the trial court, on the ground that appellant was not liable for the negligence of said B. O. Cole under the family automobile purpose doctrine. Appellee J. T. Wright, by his next friend and father, John J. Wright, sued appellant, B. O. Cole, and Julius Germany, to recover damages for personal injuries which he alleges he sustained by reason of the negligence of said B. O. Cole and Miss Martha Germany, daughter of the defendant Julius Germany, whose car she was driving at the time said appellee was injured, proximately causing his injuries. Appellee John J. Wright also sued said parties for damages alleged to have been sustained by him on account of money he had paid out and would have to pay out for the use and benefit of his son, appellee J. T. Wright, for medical treatment, medicine, and other expenses made necessary on account of the injuries alleged to have been received by said J. T. Wright. After J. T. Wright became of age, by an amended petition, he alleged that fact and prosecuted his suit in his own right. As to Julius Germany, the court instructed a verdict to be returned in his behalf, and from this feature of the judgment no appeal was prosecuted; and B. O. Cole did not appeal from the judgment against him.

Appellees alleged: That the automobile in which J. T. Wright was riding was struck by an automobile owned by appellant, H. S. Cole, which, at the time of the accident, was being driven by his son B. O. Cole on the Dallas-Fort Worth pike, a public highway between and connecting said cities; that the automobile in which he was riding was struck by the automobile owned by appellant, and the consequent injuries to him, of which he complains, were caused by negligence of the

said B. O. Cole, for which H. S. Cole was liable upon the following grounds: "That the said B. O. Cole was a son of and a member of the family of the said H. S. Cole, and that the automobile said B. O. Cole was driving belonged to his father, H. S. Cole, was a family car, acquired and purchased by the said H. S. Cole for the use, pleasure, comfort and convenience of his family, of which B. O. Cole was a member; that B. O. Cole was driving the car belonging to his father, H. S. Cole, along said highway in an easterly direction; that following said car one Martha Germany, daughter of defendant Julius Germany, was driving a Cadillac car, and that said B. O. Cole, while he was so driving said car, at the time of the collision and prior thereto, was in a drunken and intoxicated condition, and that he drove his car off the right-hand side of the road, where it was his duty to drive said car, so that the same collided with great force and violence with the car in which appellee, J. T. Wright, was riding; that the injuries he received were proximately caused by negligence in one or more of several respects."

The damages claimed are predicated on severe suffering, mental and physical, permanent physical disability, loss of time, and destroyed capacity to labor and earn money. Appellant answered by general demurrer, general denial, and special plea, alleging substantially: (a) If B. O. Cole did negligently injure appellee J. T. Wright as alleged in appellees' petition, that said B. O. Cole was using the automobile at the time contrary and against his wishes, and that said B. O. Cole was not the agent or representative of him, the said H. S. Cole, and that the car in question was owned by him and was not in any manner acquired, owned, or used as a family car or for the pleasure of B. O. Cole; that said B. O. Cole was an adult and was not a member of the family of the said H. S. Cole; that he had reached his majority and was not under his supervision and protection.

The trial resulted in a judgment in favor of appellee J. T. Wright for the sum of $7,958, and in favor of John J. Wright for the sum of $2,733, against appellant and B. O. Cole.

Neither the special issues submitted nor the answers thereto will be stated, for in order to dispose of this appeal we find it only necessary to discuss one proposition, namely, that the trial court should have instructed a verdict in favor of appellant, because no fact was established by the evidence upon which a recovery could be based in favor of appellees, or either one of them, against appellant.

We find the following facts to have been established beyond controversy: That appellant is the father of defendant B. O. Cole; that appellee J. T. Wright was injured, and that his injuries were due to the collision of an automobile driven by B. O. Cole and owned by appellant, with the automobile in which said appellee was riding on the date alleged; that said collision occurred on the Dallas-Fort Worth highway November 26, 1926, at about 1 o'clock a. m.; that B. O. Cole was then in possession of said car under permission theretofore obtained from appellant to use same in making a trip from Bonham, Tex., to Dallas, Tex., to attend the football game between Texas Christian University and Southern Methodist University; that immediately after the football game had been concluded, said B. O. Cole drove to the town of Godley, Johnson county, Tex., about 60 miles west of Dallas, to see a young lady friend, where he remained until about 10 o'clock p. m.; that in making said trip to Godley, Tex., he traveled from Dallas to Fort Worth and from Fort Worth to Godley; that appellant did not know at the time he gave his consent for B. O. Cole to use his automobile that he intended to make the trip to Godley, Tex., and did not give him permission to so use his automobile, and at the time said B. O. Cole did not know that he intended to make said side trip until later on after he had reached Dallas; that said trip to Dallas, for which permission was given to B. O. Cole to use said automobile, was for the personal pleasure and benefit of said B. O. Cole; that the car was bought by appellant for the use of himself and wife, and not for general family use, and he did not permit his sons, including B. O. Cole, to use same without his consent; that his three sons, including B. O. Cole, had, prior to the accident, used said car at different times with his permission; that at the time of the accident B. O. Cole was about 25 years of age, and for 9 years prior thereto, and at said time, had been and was working for himself, received his compensation, and maintained himself free and independent of any control by and without any expense to appellant; that at the time of said collision, B. O. Cole was in a state of intoxication from the recent use of spiritous liquor; that the automobile in which appellee J. T. Wright was riding was, prior to and at the time of the collision, being driven west on the right side of the highway; that the car being driven by appellant B. O. Cole was traveling east, and beyond the center line of said highway on the north side; that at the time of the accident the car driven by B. O. Cole was on the side of the road on which the Wright car was traveling and had the right to be, was traveling about 40 miles per hour, and the Wright car about 30 miles per hour.

Appellant's requested instruction for a verdict to be rendered in his behalf should have been granted, because the above-undisputed facts established that: (a) Appellant's automobile was not maintained by him for the pleasure, comfort, and convenience of his family, within the meaning of the family au-

tomobile doctrine or rule, at the time of the collision in question, and was not being so used at said time by defendant B. O. Cole; (b) that defendant B. O. Cole was not at the time the injuries were inflicted on appellee, and had not been for several years prior thereto, a member of appellant's family in the legal sense that would make appellant liable for the acts of negligence alleged against said B. O. Cole; (c) that on the occasion of the infliction of said injuries, appellant had loaned his automobile to defendant B. O. Cole, to be used by him for his own pleasure in making a trip from Bonham, Tex., to Dallas, Tex., to witness a football game, and that appellant had no interest whatever in said trip; (d) that defendant B. O. Cole was exceeding the authority and desires of appellant in driving appellant's car at the time and place when the injuries were inflicted upon appellee Wright.

The fact that appellant loaned his automobile to his son (to be used solely for his purpose and pleasure), a man 25 years of age, earning his own means of support, and in the employ of appellant, would not make appellant responsible for the injuries resulting from the acts of negligence charged against his son. This because the above conditions alone would not create the relationship of "master and servant," or of "principal and agent," even under the family automobile doctrine.

Under the case as made by appellees' pleadings, it was incumbent upon them, in order to recover against appellant, to establish that at the time of the collision complained of appellant's automobile was maintained by him for the pleasure, comfort, and convenience of his family; that the defendant B. O. Cole, at said time, was a member of his family, viz., living in the household of appellant as an object of his bounty, and further that appellant was under a moral or legal obligation to support him; that said car was being used by B. O. Cole as the family car of appellant. These material facts the evidence absolutely failed to establish, and therefore appellees were not entitled to recover against appellant, although a clear case of recovery was established against defendant B. O. Cole, and judgment properly rendered against him. Van Cleave et al. v. Walker et al. (Tex. Civ. App.) 210 S. W. 767; Langford v. El Paso Baking Co. (Tex. Civ. App.) 1 S.W.(2d) 476; Rew et al. v. Stoddard et ux. (Tex. Civ. App.) 225 S. W. 836; Warren v. Norguard et ux., 103 Wash. 284, 174 P. 7; Bolman v. Bullene (Mo. Sup.) 200 S. W. 1068; Cohen et al. v. Meador, 119 Va. 429, 89 S. E. 876; Robertson v. Aldridge, 185 N. C. 292, 116 S. E. 742; Bradley et al. v. Schmidt, 223 Ky. 784, 4 S.W.(2d) 703, 57 A. L. R. 1100.

The trial court erred in refusing to instruct a verdict for appellant, and as the record discloses that the case was fully developed, the judgment of the trial court is reversed as to appellant, and here rendered, that appellees take nothing against him, that he recover all costs in this behalf expended; but as to defendant B. O. Cole the judgment is not in any respect disturbed.

Reversed and rendered as to appellant.