### COCKE v. MATTINGLY.
#### No. 2427.

Court of Civil Appeals of Texas. El Paso.
May 22, 1930.

Rehearing Denied May 29, 1930.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellant.

Vowell & Vowell, of El Paso, for appellee.

### WALTHALL, J.

This is a suit for personal injuries brought by George Mattingly, a minor, by his next friend, Mrs. Marie Mattingly, against John Cocke, appellant.

On July 31, 1929, George Mattingly was riding his motorcycle north on Piedras street, at or near its intersection with Wyoming street, in the city of El Paso, Tex., when his motorcycle came in collision with an automobile, driven by Mrs. John Cocke, accompanied by her husband, John Cocke, the defendant, going south on Piedras street, and was severely injured. The petition alleges that plaintiff's motorcycle was completely demolished, stating the damage; that he was compelled to pay hospital bills, an ambulance charge, doctor's bills, stating the items of each; that he suffered physical and mental pain—all to his damage stated.

While the court submitted a number of special issues to the jury, the negligent act assigned by plaintiff and submitted, and of which defendant complains, is No. 3 in the series of issues submitted. The issue reads:

"Question No. 3: Do you find from a preponderance of the evidence that the fact that the driver of the automobile did not give the right of way to the rider of the motorcycle was a proximate cause of the injury complained of?" To the issue the jury answered, "Yes."

The defendant excepted to the issue, and the ground made the basis of his contention here is that there is no pleading upon which to base such charge. That the "plaintiff's pleading fails to set out any traffic code or the contents of any traffic code upon which Question No. 3 could be founded, and also fails to set out any facts constituting a violation of any traffic code upon which question No. 3 could be founded."

The only part of the petition that might be considered as alleging that "the driver of the automobile did not give the right of way to the rider of the motorcycle," is as follows:

"Plaintiff says that he was driving north on Piedras street, exercising due care for himself and for others, and plaintiff had no warning or opportunity to avoid the collision with the defendant's automobile."

Then follows:

"That by reason of the negligent and willful acts set out above, the defendant struck and ran into," etc.

"That the defendant's action was in violation of the City Traffic Code, Section 4-B, which states that (stating the verbiage of Section 4-B, then adding) Also in violation of the traffic codes Sections 383 and 375."

The petition does not state the verbiage of sections 383 or 375. The sections were introduced in evidence, and section 375 reads:

"Sec. 375. The drivers of all vehicles in or upon every street must look out for and give right of way to vehicles approaching simultaneously from their right at street intersections, except as otherwise provided in this ordinance."

Section 383 is not on the point involved here.

Defendant answered by general demurrer, which the record does not show was passed upon by the court. We are of the opinion that the general demurrer did not present a question of fundamental error. If the plaintiff should more fully and specifically have pleaded the facts constituting the inhibition of section 375 of the city ordinance, which he should have done, to make the point available, a special exception should have been interposed. That was not done. No objection was made to the introduction in evidence of the ordinance. We think the reference in the petition to the ordinance by stating the section number, in the absence of a special demurrer, was sufficient to inform defendant that the ordinance would be offered in evidence. While the section of the ordinance is almost in the verbiage of article 801, subd. (E), of the Penal Code, as suggested by plaintiff, the plaintiff having based his case upon the ordinance, he should have pleaded the facts denounced by the ordinance. The facts should have been pleaded whether under the ordinance or statute. While our ruling is doubtful, we think a party may not fail to make objection either to the pleading or the evidence and take his chance on an adverse verdict, without waiving what objections he might have interposed.

We have considered the remaining propositions of appellant and are of the opinion they are without merit. They are overruled.

It would be immaterial whether Mrs. Cocke or her husband, the defendant, was driving the car at the time of the accident. It is admitted, and the evidence shows, that the car was the family car; that Mrs. Cocke was driving the car; and that the defendant was riding with Mrs. Cocke in the car at the time of the accident. Mrs. Cocke was driving the car for herself and her husband.

Justice HIGGINS did not sit in this case.

The case is affirmed.