## FORT WORTH & R. G. RY. CO. v. SAGESER et al.

### No. 1041.

Court of Civil Appeals of Texas. Waco.
April 2, 1931.

Goree, Odell & Allen and Hiner & Pannill, all of Fort Worth, E. T. Miller, of St. Louis, Mo., and Chandler & Keith, of Stephenville, for appellant.

Oxford & Johnson, of Stephenville, for appellees.

GALLAGHER, C. J.

This suit was instituted by Mrs. Gladys Sageser, for herself and as next friend for her minor child, Miller Marie Sageser, appellees herein, against Fort Worth & Rio Grande Railway Company, appellant herein, to recover damages sustained by them from the death of Miller Sageser, husband and father of the respective appellees. A prior judgment in their favor was reversed by the Court of Civil Appeals at Eastland. 18 S.W.(2d) 246.

King street in the city of Stephenville ran approximately north and south. It crossed appellant's railroad at right angles in the suburbs of the city. The deceased, Miller Sageser, on the morning of December 7, 1927, was traveling south along said street. He was driving a Ford touring car. As he passed over the railroad crossing, the rear end of his car was struck by an east-bound passenger train, and he received injuries which resulted in his death a short time thereafter.

The case was submitted to a jury on special issues, in response to which it found, in substance, that said train at the time it approached and passed said crossing was being operated at a speed of 35 miles per hour; that such speed at the time and place and under all the circumstances in evidence constituted negligence, and that such negligence was the proximate cause of the death of the deceased; that Mrs. Sageser sustained damages by reason of the death of her husband in the sum of $6,000, and the minor child, Miller Marie Sageser, sustained damages by reason of the death of her father in the sum of $3,000. The jury further found that said collision was not the result of an unavoidable accident, and against appellant's contention on all the issues of contributory negligence submitted. The court rendered judgment in favor of appellees on said verdict, and appellant presents the record to this court for review.

### Opinion.

Appellant presents as ground for reversal the refusal of the court to submit to the jury for determination the following issues requested by it:

"Requested issue No. 11: Was the deceased, Miller Sageser, negligent, as that term has been defined to you, in driving his automobile on said railroad track in front of defendant's train at the time and place and under the circumstances in which said deceased did drive the same on to defendant's track at the time of the accident in question? Answer Yes or No.

"Requested issue No. 11a: If you answer the foregoing special issue in the affirmative, then answer the following:

"Was such negligence, if any, a proximate cause of the death of the said Miller Sageser? Answer Yes or No just as you find."

The testimony showed that King street was much traveled; that the view to the westward of one traveling south thereon was obstructed for the distance of about a block immediately before reaching the crossing over appellant's railroad; that a full view of a train approaching from the west could not be had by one so traveling until he had actually gotten onto the railroad right of way; that on the morning of the accident the temperature was near freezing, and a strong high cold wind was blowing from the north; that the side curtains on deceased's car were up; that there were isinglass windows in such curtains; that deceased approached the railroad at the rate of 15 or 20 miles per hour; that just before he entered the right of way he slackened his speed to 10 or 12 miles per hour, looked to the right, and proceeded to cross over appellant's track; that an east-bound train struck the rear end of his car just before it cleared the crossing. Estimates of the speed of the train varied from 25 to 40 miles per hour. As before stated, the jury found it was running at the rate of 35 miles per

hour. The testimony further showed that Mrs. Sageser, the wife of deceased, was ill at their home about 7 miles south of Stephenville, and that said child was born that night. The deceased, with his sister in his car, was returning home to attend his sick wife. Both of them were killed by the collision. Appellant pleaded that the deceased was negligent in driving his automobile onto its railroad track at the time and place in question in front of its moving train, and that such negligence caused or proximately contributed to cause the collision which resulted in his death. The testimony showed without contradiction that the deceased, at the time and place in question, did drive his automobile onto appellant's railroad track in front of its approaching train. Appellant sought by its said requested issues to have the jury determine whether such action on his part, under all the circumstances in evidence, constituted negligence, and whether such negligence was a proximate cause of the collision which resulted in his death. Said issue was the most pertinent of all the issues of contributory negligence presented by appellant. It was not covered even substantially by any of the issues submitted by the court. The issues so submitted were, in substance, whether under all the facts and circumstances in evidence the deceased failed to keep a proper lookout for the approach of appellant's train, whether he failed to listen for such approach, whether he failed to slacken the speed of his car sufficiently to enable him to look for such approach, whether he had his car under sufficient control to enable him to look for such approach, and whether he was driving at a negligent rate of speed, at the time he approached and attempted to cross over appellant's track. All said issues were answered adversely to appellant's contention. None of them involved a finding whether the deceased saw or heard the approaching train but misjudged its distance or its speed and thought he could cross the track in safety before it reached such crossing. The requested issues would have covered this particular and pertinent phase of contributory negligence and should have been submitted. St. Louis, S. F. & T. Ry. Co. v. Allen (Tex. Com. App.) 278 S. W. 186, and authorities there cited; St. Louis, S. F. & T. Ry. Co. v. Wilson (Tex. Com. App.) 279 S. W. 808. The refusal to submit the same requires a reversal of the judgment.

Appellant presents propositions complaining of the fact that J. H. Sageser, the father of the deceased, was not made a party to this suit. Since the judgment of the trial court is reversed, appellees will have an opportunity to amend their petition so as to obviate such complaint before another trial.

The judgment of the trial court is reversed, and the cause remanded.

W. J. Oxford and B. E. Cook, both of Stephenville, for appellants.