## TRICE et al. v. BRIDGEWATER.
### No. 1220.

Court of Civil Appeals of Texas. Waco.
May 26, 1932.

Rehearing Denied June 23, 1932.

Jos. W. Hale and Geo. Clark, both of Waco, for appellants.

Cecil R. Glass, of Marlin, for appellee.

GALLAGHER, C. J.

Appellee, M. L. Bridgewater, instituted this suit against appellants, C. L. Trice and Wilson Trice, to recover compensatory damages for injuries to his person and car which resulted from a collision between his car and one belonging to appellant C. L. Trice. Appellant C. L. Trice owned a Pontiac car which he maintained in part at least for the pleasure, comfort, and convenience of the respective members of his family. Wilson Trice is his minor son. He was in his seventeenth year at the time of the accident involved in this case and his capacity and skill in operating the car are apparently conceded. That he had his father's consent to use and operate said car for his own purposes and pleasure is also conceded. He left home about 5 o'clock on the evening of the accident. He went first to the town of Lott, where he met a friend of his by the name of Joe Priest. It appears that he and Priest agreed upon a plan to take some young ladies riding. One of the young ladies lived at Travis and one at Ben Arnold. Wilson Trice went after them and brought them both to Lott. They were there joined by Joe Priest, and all four started for a ride in said car. They went from Lott to Chilton and from there to Marlin. The collision occurred at a street intersection at the southwest corner of the courthouse square in said city. The Trice car was traveling east on Bridge street. Appellee's car was crossing said street going south. The Trice car struck the right rear wheel of appellee's car at or near the middle of such intersection.

The case was submitted upon special issues. We abridge the findings of the jury by merely giving the substance of the same, as follows:

(a) Appellant C. L. Trice maintained said Pontiac automobile as a family car. Wilson Trice was a constituent member of his family. He was using said car with the consent of his father on the night of the collision as a family car and was driving the same in person.

(b) Said Trice car was being operated at the time of the accident at a speed in excess of 20 miles per hour, which speed was the proximate cause of the collision. The driver of the Trice car failed to keep a proper lookout. Such failure was negligence and the proximate cause of the collision. The collision was not the result of an unavoidable accident.

(c) Appellee received personal injuries as a result of the collision and the sum of $4,000 will properly compensate him therefor. The car in which appellee was riding at the time was damaged as a result of the collision and the sum of $95 will properly compensate him therefor.

(d) The Trice car was approaching the intersection at which the collision occurred from the right of the car driven by appellee. He failed to yield the right of way, but such failure was not a proximate cause of the collision. Appellee was not driving his car at a rate of speed greater than 20 miles per hour, nor under all the circumstances, at a dangerous rate of speed. He did not fail to slacken the speed of his car at and immediately prior to the collision. Neither did he fail to have his car under control nor to keep a proper lookout. His failure to sound his horn prior to the collision was not negligence.

(e) Appellee did not actually see the Trice car approaching the intersection before the collision occurred.

The court rendered judgment in favor of appellee against both appellants for the aggregate sum of $4,095. Appellants filed a motion for new trial, which was heard and overruled, and they have perfected an appeal to this court.

Opinion.

Appellant C. L. Trice presents various assignments of error in which he contends that the finding of the jury that his son, Wilson Trice, was driving the Trice car at the time of the collision is without competent evidence to support it, and in which he presents various other contentions corollary thereto. Appellee's recovery herein is based on the finding of the jury that Wilson Trice was driving the Trice car at the time of the collision, and the further findings of the jury in that connection that appellant C. L. Trice owned said car and maintained the same for the pleasure, comfort, and convenience of his family; that Wilson Trice, his minor son, was a constituent member of such family and was using said car at the time with the permission of his father and for the purposes so contemplat-

ed. These findings, considered together, are sufficient to support a recovery by appellee against appellant C. L. Trice on what is commonly called the "family purpose doctrine." This doctrine was recognized, approved, and applied in this state in the case of Allen v. Bland (Tex. Civ. App.) 168 S. W. 35, 38, par. 7 (writ refused), and in Cohen v. Hill (Tex. Civ. App.) 286 S. W. 661, 664, par. 8 (writ dismissed). Such doctrine has also been recognized and apparently approved in a number of cases in this state in which the particular facts involved excluded its application. Cook v. Mann (Tex. Com. App.) 40 S.W.(2d) 72; Way v. Guest (Tex. Civ. App.) 272 S. W. 217; Cole v. Wright (Tex. Civ. App.) 18 S.W.(2d) 242; Cocke v. Mattingly (Tex. Civ. App.) 28 S.W.(2d) 871. See, also, 5 Tex. Jur., p. 763, et seq., § 148. There is a sharp conflict in reference to the application of this doctrine in other states. For list of states and citation of cases in which such doctrine has been accepted and applied, see note c, 64 A. L. R. 861 et seq.

■ The testimony tending to show that Wilson Trice was driving the car at the time of the collision consisted exclusively of declarations or admissions made by him. All of such declarations or admissions were made away from the scene of the accident and after such lapse of time that they could not, under the most liberal interpretation of the rule, be considered a part of the res gestæ. The father is held liable for injuries inflicted by a minor son, a constituent member of his family, while operating the family car, on the theory that while so operating the same, though wholly for his own pleasure, such son is in legal effect a sort of special agent of his father. Giving such doctrine of agency full force and effect, the declarations or admissions of such son, to be admissible against the father or to constitute a basis for charging him with liability, must be made within the scope of the son's authority in the operation of such car and contemporaneous with some action in connection therewith. When such declarations or admissions are not so made but constitute in effect merely a narrative of past events, they are mere hearsay and not admissible against the father nor sufficient, standing alone, to charge him with liability. Southern Surety Co. v. Nalle (Tex. Com. App.) 242 S. W. 197, 200, 201, pars. 1, 3, and 4, and authorities there cited; West Texas Produce Co. v. Wilson (Tex. Com. App.) 34 S.W.(2d) 827, 830, par. 2, and authorities there cited; Hargis v. Moxon (Tex. Civ. App.) 34 S.W.(2d) 353, 354, par. 3; Liner v. U. S. Torpedo Co. (Tex. Com. App.) 16 S.W.(2d) 519; Shelton v. Thomas (Tex. Civ. App.) 11 S.W.(2d) 254, 258, par. 12; Harlan-Elzy-Randall Co. v. American Fruit Growers (Tex. Civ. App.) 7 S.W. (2d) 132, 134, par. 4; Austin Bros. v. Patton (Tex. Com. App.) 294 S. W. 537, 538, par. 2, and authorities there cited; Roberts v. Nowlin (Tex. Civ. App.) 290 S. W. 800, 801, par. 3. The only testimony bearing directly on the question of who was driving the Trice car at the time of the collision was the testimony of Wilson Trice, Joe Priest, and the two young ladies with them at such time. They all testified explicitly that some time before the collision Joe Priest took the steering wheel and operated the car continuously thereafter until the accident. The testimony in the record is insufficient as to appellant C. L. Trice to support the finding that his son, Wilson Trice, was driving his car at the time of the collision.

■ Appellants present an assignment of error in which they contend that the finding of the jury that appellee did not actually see the Trice car approaching the intersection in question before the collision occurred, is contrary to the uncontradicted testimony. They present other assignments in which they contend that they were improperly deprived of answers by the jury to other issues, answers thereto having been required by the court only in event of an affirmative answer to such issue. The only testimony in the record on such issue was the testimony of appellee himself. He testified that on entering said intersection from the north he had to cross a small depression, which he called a dip, in the edge of Bridge street, and that before he entered the dip he saw a car, or the lights of a car, approaching said intersection from his right on Bridge street; that he could not estimate the speed of said car or its distance from the intersection at the time; that he did not remember looking to his right after coming out of the dip; and that he did not see the approaching car again before the collision. He did not give any estimate of the distance of said car from such intersection except to say that it was "a good piece" away. During his examination and cross-examination he several times reiterated his statement that he saw the car approaching as he entered the dip. Our courts have frequently held that the testimony of an interested witness in his own favor may be discredited by a jury and a finding contrary thereto returned notwithstanding such testimony is uncontradicted. We know of no authority, and have been cited to none, holding that a jury can arbitrarily reject the affirmative uncontradicted testimony of a witness when the same is against his interest and return a finding contrary to such testimony. See, in this connection, Trinity Gravel Co. v. Cranke (Tex. Com. App.) 282 S. W. 798, 801, par. 5. Appellants in their pleadings charged appellee with various acts and omissions after actually discovering the approach of the Trice car, which acts and omissions they alleged constituted negligence. They introduced testimony tending to sustain such allegations. The court submitted six issues presenting their contentions, with further issues of negligence and proximate cause

in connection with each of the same, but instructed the jury not to answer any of such issues unless they returned an affirmative answer to the issue inquiring whether appellee actually discovered the approach of the Trice car. The jury having answered that appellee did not discover the approach of said car, did not answer any of such succeeding issues. Some of such issues were material on the question of contributory negligence and were not adequately covered by the issues submitted by the court and answered by the jury. See, in this connection, Ft. Worth & R. G. Ry. Co. v. Sageser (Tex. Civ. App.) 37 S.W.(2d) 826, and authorities there cited. Said assignment is sustained.

█ Appellants present various assignments in which they complain of the charge of the court on the burden of proof. The court framed a part only of the special issues submitted so as to require an answer thereto favorable to the party on whom the burden rested to be in the affirmative and to be based on a preponderance of the evidence. The remainder of the issues submitted were not so framed. The court gave a further charge on burden of proof, in which the jury were told that the burden of proof was on appellee to establish by a preponderance of the evidence affirmative answers to certain issues, and that the burden of proof was on appellants to establish by a preponderance of the evidence affirmative answers to certain other issues. Said charge covered all the issues submitted except two. The issues so omitted were those inquiring what amount of money would reasonably compensate appellee for injuries to his person sustained as a result of said collision, and inquiring what amount of money would reasonably compensate appellee for injuries to his car resulting from said collision. Appellants objected to the charge of the court placing upon them the burden of proving the issues of contributory negligence submitted, on the ground that such charge informed the jury of the effect of their answers to such issues. A charge in substantially the same form as the charge given by the court in this case was approved by the Commission of Appeals in Houston & T. C. Ry. Co. v. Stevenson, 29 S.W.(2d) 995, 999, par. 4. See, also, Maryland Casualty Co. v. Boverie (Tex. Civ. App.) 37 S.W.(2d) 310, 311, par. 3 (writ refused), and authorities there cited. The Commission of Appeals, however, in Federal Surety Co. v. Smith, 41 S.W.(2d) 210, 214, par. 16, in discussing the placing of the burden of proof in a case submitted on special issues, said: "In view of the frequency with which we are called upon to determine the correctness of the form of special issues, we desire to suggest that the least objectionable method of procedure is for the trial court to propound the question to be submitted in the form, 'Do you find from the preponderance of the evidence that' (following with the question to be determined), so framing the question, upon each issue, as to place the burden of proof where it properly belongs."

Appellants further objected to such charge on the ground that the court failed to tell the jury in connection therewith that they should consider all the evidence in the case in determining such issues. A similar contention was considered by this court and overruled in Texas & P. Ry. Co. v. Wylie, 36 S.W.(2d) 238, 241, par. 7. Appellants further objected to the charge of the court because the jury were nowhere therein told that the burden was on appellee to prove the amount of his damage, if any, by a preponderance of the evidence. Such burden should be in some proper manner placed upon appellee in another trial.

█ Appellants present assignments of error in which they contend that appellee should not have been permitted to recover for injuries to the automobile he was driving at the time of the collision because same did not belong to him. Appellee alleged that while he did not own said car at the time of collision, he had custody and control thereof and was required to have the same repaired and did so. He testified that the car belonged to his brother, but that he personally paid for the repair of the same. Appellee being the bailee of said car at the time it was injured, had a right to sue and recover herein for the damage resulting from such injury. He was responsible to the owner for such damage and apparently conceded such liability by personally paying for the necessary repairs. Waggoner v. Snody, 98 Tex. 512, 516, 85 S. W. 1134; Panhandle & S. F. Ry. Co. v. Jackson (Tex. Civ. App.) 8 S.W.(2d) 256, 257, par. 4; 5 Tex. Jur. p. 1032, § 22, and authorities cited in the several notes thereto.

Appellants' other assignments of error present matters which will not necessarily arise in the same way, if at all, upon another trial.

The judgment of the trial court is reversed, and the cause is remanded.

ALEXANDER, J. (dissenting).

For the reasons stated in the majority opinion, I concur in the holding that the judgment of the trial court cannot be affirmed. However, I am of the opinion that the judgment should be reversed and rendered in favor of C. L. Trice.

On the occasion in question, Wilson Trice, the minor son of C. L. Trice, used his father's automobile to take two young ladies and a young man, friends of his, for a ride. After being joined by his friends, he allowed one of them to drive the car, and while it was being so driven the collision occurred. C. L. Trice's supposed liability is based solely on the fact that the automobile with which the injury was inflicted was owned and maintained by him for the comfort, convenience, and

use of his son and other members of the family, and was actually being so used by the son at the time of the injury. It depends for its support on the so-called "family car doctrine." There is no contention that Wilson Trice was an incompetent driver, and it is further undisputed that no other member of the Trice family was in the automobile, and Wilson Trice was not on any mission for the father, unless it be that he was acting for his father in taking himself and friends for a ride. I cannot agree to the adoption of the family car doctrine in Texas as applied to the facts of this case.

The family car doctrine has from time to time had various theories for its foundation, among them being: (a) Family relationship; (b) ownership of the automobile; (c) dangerous instrumentality; and (d) principal and agent or master and servant. It originally sprang from the idea that an automobile was a dangerous instrument, and as a consequence, if the parent allowed his minor child to use it, he should be held responsible for injuries inflicted therewith. Some of our Texas decisions have placed liability on this ground. Mann v. Cook (Tex. Civ. App.) 11 S.W.(2d) 572, 577. When the automobile was new and strange, there was a tendency to look upon it as a dangerous thing, and it was considered proper to hold the parent responsible for its use by a minor child to the same extent as other dangerous instruments placed in the hands of the minor by its parents. After the automobile came into more general use, the idea of dangerous instrumentality was abandoned. Lewis v. Amorous, 3 Ga. App. 50, 59 S. E. 338, 340; Steffen v. McNaughton, 142 Wis. 49, 124 N. W. 1016, 26 L. R. A. (N. S.) 382, 19 Ann. Cas. 1227; Jones v. Hoge, 47 Wash. 663, 92 P. 433, 14 L. R. A. (N. S.) 216, 125 Am. St. Rep. 915; McNeal v. McKain, 33 Okl. 449, 126 P. 742, 41 L. R. A. (N. S.) 775, and cases there cited. However, notwithstanding this idea has been abandoned, the proposition of law established under such mistaken belief still remains.

C. L. Trice's liability cannot be based on family relationship, for it is well settled that a father is not liable for the torts of his minor child solely upon the ground of that relationship. Miller v. Pettigrew (Tex. Civ. App.) 10 S.W.(2d) 168; Lessoff v. Gordon, 58 Tex. Civ. App. 213, 124 S. W. 182; Klapproth v. Smith (Tex. Civ. App.) 144 S. W. 688; Ritter v. Thibodeaux (Tex. Civ. App.) 41 S. W. 492; Way v. Guest (Tex. Civ. App.) 272 S. W. 217; Brown v. City Service Co. (Tex. Com. App.) 245 S. W. 656; Van Cleave v. Walker (Tex. Civ. App.) 210 S. W. 767; Allen v. Bland, (Tex. Civ. App.) 168 S. W. 35; Ball v. Youngblood (Tex. Civ. App.) 252 S. W. 872.

It is likewise well settled that mere ownership of the automobile with which the injury is inflicted by another is not sufficient to impose liability on the owner. 42 C. J. 1075; 2 R. C. L. 1200; Puryear v. Martin (Tex. Civ. App.) 13 S.W.(2d) 203, par. 2; Genusa v. City of Houston (Tex. Civ. App.) 10 S.W.(2d) 772; Cole v. Wright (Tex. Civ. App.) 18 S.W.(2d) 242.

Therefore, if liability is to be imposed on the parent, it must be under the doctrine of principal and agent or master and servant. In order for this doctrine to apply, the relationship must arise either by expressed or implied authority. The supposed servant must be transacting the business of the master or acting either under the expressed or implied direction of the master. The mere relationship of child and parent is not sufficient to make the one the agent or servant of the other. Cook v. Mann (Tex. Com..App.) 40 S.W.(2d) 72, 74. When Wilson Trice took his young lady friend for a ride, he was not transacting any business for his father. He engaged in the enterprise for his sole pleasure. Neither was he performing any service under the direction, control, or management of the father either expressed or implied. Under no stretch of the imagination can it be said that he was the agent or the servant of his father. G., H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S. W. 1073, 1075, 10 L. R. A. (N. S.) 367.

The mere fact that it was the duty of the father to provide for the comfort and pleasure of the son, and that in doing so he provided the son with an automobile, is not sufficient in itself to make the father liable for the son's torts committed with the automobile. Otherwise the father would be liable for the torts committed by the son with a baseball bat, walking cane, bicycle, saddle horse, or other instrument furnished to him by the parent for his amusement. The father is under no legal obligation to take his son for an automobile ride, and if he declines to do so and the son elects to take himself for a ride, in so doing, he is acting for himself and not for his parent. Under the great weight of authority the family car doctrine, as applied to the facts as reflected by this record, has been rejected. 64 A. L. R. 851, note; Watkins v. Clark, 103 Kan. 629, 176 P. 131; Hays v. Hogan, 273 Mo. 1, 200 S. W. 286, L. R. A. 1918C, 715, Ann. Cas. 1918E, 1127; Clawson v. Schroeder, 63 Mont. 488, 208 P. 924; Doran v. Thomsen, 76 N. J. Law, 754, 71 A. 296, 19 L. R. A. (N. S.) 335, 131 Am. St. Rep. 677; Van Blaricom v. Dodgson, 220 N. Y. 111, 115 N. E. 443, L. R. A. 1917F, 363; Elms v. Flick, 100 Ohio St. 186, 126 N. E. 66; Stumpf v. Montgomery, 101 Okl. 257, 226 P. 65, 32 A. L. R. 1490; Markle v. Perot, 273 Pa. 4, 116 A. 542; Crossett v. Goelzer, 177 Wis. 455, 188 N. W. 627; Papke v. Haerle, 189 Wis. 156, 207 N. W. 261; Norton v. Hall, 149 Ark. 428, 232 S. W. 934, 19 A. L. R. 384; Grillich v. Weinshenk, 64 Cal. App. 474, 222 P. 160; Cannon v. Bastian,

1 W. W. Harr. (Del.) 533, 116 A. 209; Pratt v. Cloutier, 119 Me. 203, 110 A. 353, 10 A. L. R. 1434; Baitary v. Smith, 140 Md. 437, 116 A. 651; McGowan v. Longwood, 242 Mass. 337, 136 N. E. 72, 23 A. L. R. 617.