JAMES R. KIBBLE BY NEXT FRIEND PURMA M. KIBBLE, RESPONDENT, v. CHARLES LAMAR, APPELLANT.—54 S. W. (2d) 427.

Kansas City Court of Appeals. November 21, 1932.

*Mytton, Parkinson & Norris* and *Schultz & Owen* for respondent.

*Landis & Landis* for appellant.

CAMPBELL, C.—Plaintiff, an infant, by his next friend, sued Charles Lamar and Jewell Lamar for damages for personal injuries caused by an automobile owned by Charles Lamar and driven by Jewell Lamar coming in collision with a bicycle upon which plaintiff was riding on a public street in the city of St. Joseph, Missouri. Trial to the court and jury resulted in verdict and judgment for plaintiff against both of the defendants in the sum of $2,777.77. The defendant, Charles Lamar, has appealed. The defendant, Jewell Lamar, abided.

It is unnecessary to detail the evidence with respect to the manner

of the collision for the reason that it is not claimed that plaintiff failed to show negligence on the part of the driver of the automobile.

It is alleged in plaintiff's petition that Charles Lamar was the owner of the automobile which, at the time of accident, was being operated by Jewell Lamar "upon the business and in the interest of the defendant Charles Lamar."

Charles Lamar, called as a witness by plaintiff, testified that he was the owner of the automobile and the father of his codefendant Jewell Lamar; that Jewell Lamar lived in his home and usually had permission to use the automobile, but that he did not have such permission at the time in question; that Jewell Lamar "never hardly used the car without his mother's or my consent; . . . that he took the car out with his mother's or my consent."

Jewell Lamar, a witness for plaintiff, testified that on the day of the collision his aunt was visiting at the home of his parents for the purpose of doing her laundry; that after his aunt had finished doing her laundry his mother directed him to use the automobile for the purpose of taking his aunt to her home. Whereupon, he used his father's automobile to take his aunt and her laundry to her home; that after the completion of that task and before he had returned to his own home, his cousin, Lee Lansaw, entered the automobile with him and he then drove in the northern part of St. Joseph for twenty or twenty-five minutes in quest of girls whom he desired to visit. Failing in making "dates" he turned toward the home of his cousin for the purpose of taking the latter to it. While on the way to his cousin's home, for the purpose stated, the collision occurred.

The evidence of the defendant Charles Lamar, as well as that of Jewell Lamar, was not disputed.

Appellant insists that upon the facts appearing in plaintiff's case his request for directed verdict, which the court refused, should have been given. It is unnecessary to determine the question as to whether or not the appellant's wife was his agent and as such had authority to direct the use of the automobile for the purpose of taking the visitor to her home, for the reason that the accident occurred after Jewell Lamar had performed the duty assigned to him and at a time when he was using the automobile for his own personal purpose and pleasure.

"He was upon his own trip until he had returned to the point of departure from the path of duty, or to a point where, in the performance of his duty, he was required to be." [Anderson v. Nagle, 259 S. W. 858, 861; Kaufman v. Baden Ice Cream Mfrs., 7 S. W. (2d) 298, 300; Schulte v. Grand Union Tea & Coffee Co., 43 S. W. (2d) 832, 835.]

There was sufficient evidence to warrant a finding that Jewell Lamar was operating the automobile with the permission of the defendant Charles Lamar. But the evidence is undisputed that he was

not driving it "upon the business and in the interest of the defendant." The only evidence which it can be claimed connected the appellant with the accident was that he owned the automobile and had given his son permission to use it. "Under these facts, it is the settled law of this State that the defendant cannot be held liable in damages for the negligent act of his son in operating the automobile." [Bushie v. Januchowsky, 218 S. W. 696.]

The doctrine of the Bushie case has been the law of this State since the decision of the case of Guthrie v. Holmes, 198 S. W. 854. This is made clear in the opinion in the case of Murphy v. Loeffler, 39 S. W. (2d) 550, in which the opinion in the case of Barz v. The Fleischmann Yeast Co., 271 S. W. 361, and the opinion in the case of McCarter v. Berger, 6 S. W. (2d) 979, are analyzed and shown not to apply to facts such as are here involved. In the Murphy case, supra, the defendant gave his son permission to use the automobile "but he coupled this privilege with the command to return for him and his mother and the son was performing this duty to so return for his parents when the accident happened."

There are no such facts here. At the time of the accident Jewell Lamar had fully performed the mission assigned to him, had been driving the automobile for twenty or twenty-five minutes, thereafter for his own pleasure and was going to his companion's home for the purpose of taking his companion to it.

The evidence showing that Jewell Lamar was operating the automobile for his own purpose and not upon the business of the defendant, Charles Lamar, was "positive, unequivocal and unimpeached," and plaintiff was therefore not entitled to recover as against Charles Lamar. [Staley v. Lawler, 27 S. W. 1039, 1044.]

It has been said that the reports are full of cases holding that even where a servant, with his master's consent, takes the latter's car and uses it for his own purpose and thereby injures another, the master is not liable. [Murphy v. Loeffler, 39 S. W. (2d) 550, 554.]

Upon the facts appearing in plaintiff's case the court should have directed verdict in favor of the defendant Charles Lamar. The judgment is reversed, as to him. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed. All concur.