## YARBROUGH v. DALLAS RY. & TERMINAL CO.

No. 2923.

Court of Civil Appeals of Texas. El Paso.
Jan. 11, 1934.

Rehearing Denied Feb. 8, 1934.

E. G. Senter, of Dallas, for appellant.

F. M. Ryburn, Autry Norton, and Worsham, Rollins, Burford, Ryburn & Hincks, all of Dallas, for appellee.

HIGGINS, Justice.

Clara M. Yarbrough, for herself, and as guardian of her two minor children, brought this suit against the Dallas Railway & Terminal. Company to recover damages for the alleged negligent killing of J. M. Yarbrough, the plaintiff's husband and father of her wards.

The jury found defendant guilty of negligence in various particulars proximately causing the death of the deceased, but also found the deceased guilty of contributory negligence as shown by findings 31, 32, 33, 41, and 41A. Upon these latter findings judgment was rendered for the defendant.

The deceased was driving a truck in the city of Dallas. At the intersection of Cliff and Hutchins streets, a collision occurred between the truck driven by deceased and one of the defendant's street cars, inflicting injury upon the deceased, which caused his death.

Cliff street runs north and south. Hutchins street runs in a southeast and northwest direction. Approaching from the southeast, it intersects Cliff street at an angle of about 45 degrees. At this point of intersection Cliff is a narrow street. Cliff street north of Hutchins is west of that portion of Cliff south of the intersection. This jog places the east line of that portion of Cliff north of Hutchins a short distance west of the west line of that portion of Cliff street south of Hutchins. One traveling north upon Cliff, when Hutchins is reached, turns to his left at an angle of about 135 degrees and travels a short distance northwest upon Hutchins street and then turns to his right and proceeds north upon Cliff. The defendant has double tracks upon Hutchins. The deceased was driving his truck upon Cliff going north. When he reached Hutchins, he was struck by a street car going southeast and traveling upon the track lying on the southwest side of Hutchins.

Appellee pleaded various facts as contributory negligence upon the part of deceased. The judgment for defendant was based upon findings 31, 32, 33, 41, and 41A. It is assert-

ed these findings are in irreconcilable conflict with other findings upon the issue of contributory negligence, and therefore could not properly be the basis of a judgment for defendant. Briefly stated, the findings out of which the question arises are as follows:

31. Yarbrough failed to drive upon the right-hand side of Cliff street when he entered the intersection just prior to the accident.

32. He was negligent in so doing.

33. Such negligence proximately caused the collision.

34. Yarbrough failed to keep to the right so as to drive around the central point of intersection of Cliff and Hutchins street.

35. Such failure was not a proximate cause of the collision.

36. At and just prior to the time of the collision, Yarbrough was cutting the corner in turning to the left at such street intersection and was not keeping to the right-hand side of Cliff street.

37. In so doing he was not negligent.

39. Yarbrough did not fail to exercise ordinary care in driving upon the street car track at the time and place in question and under the circumstances when he did drive thereon.

41. Yarbrough failed to keep his truck as near as practical to the right hand curb of Cliff street when entering the street intersection.

41A. His failure so to do was a proximate cause of the collision.

■ In considering apparent conflicts in special issue findings, it is the duty of the court to consider the same in the light of the pleadings and evidence. The findings are to be considered as a whole. When thus considered, conflicts may be found to be apparent rather than real. If, upon a reasonable interpretation of the findings, it appears they are not in real and irreconcilable conflict, then they form the proper basis for judgment. Texas Indemnity Co. v. Bridges (Tex. Civ. App.) 52 S.W.(2d) 1075, and cases there cited.

The issues upon which the foregoing findings were made are raised by appellee's pleadings and the evidence.

■ The evidence shows that the approach of Cliff street from the south to Hutchins is downhill; that Cliff there is narrow and in a cut; that the view of Yarbrough of the approaching car was obscured by an embankment at the corner on his left, upon which embankment there were trees and thick brush. This embankment, trees, and

brush likewise served to obscure the motorman's view of Yarbrough as the latter entered Cliff street from the south. There is evidence also to show that Yarbrough was driving on the left side of Cliff when he entered Hutchins, and when he entered Hutchins he turned to the left and the collision occurred.

It is urged in behalf of appellant that the issues and findings stated all covered substantially the same question; therefore, findings 33 and 41A, upon proximate cause, are in conflict with finding 35; and findings 37 and 39, upon the issue of negligence, in conflict with 32.

We think that under the evidence the jury was of the opinion that by the failure of Yarbrough to drive upon the right side of Cliff and keep as near as practical to the right curb thereof, as he entered the intersection, he placed himself in a position where his view of the car approaching from the west was obscured by the embankment, trees, and brush upon his left, and at the same time put Yarbrough closer to the car thereby shortening the distance and time within which the car had to stop and Yarbrough had to stop, and that this was the proximate cause of the injury rather than his failure to keep to the right so as to drive around the central point of the intersection; and they were also of the opinion that in so doing Yarbrough was negligent, but not so with respect to the matters inquired about in questions 36 and 39. We do not think the various questions all covered the same defensive matter. Fort Worth & R. G. R. Co. v. Sageser (Tex. Civ. App.) 37 S.W.(2d) 826. In the light of the evidence the findings are not to be regarded as irreconcilably in conflict. The findings reflect careful discrimination by the jury between Yarbrough's failure to drive upon the right-hand side of Cliff as near as practical to the curb as he entered the intersection, and the other matters inquired about in the questions submitted.

■ Some of the defensive issues submitted are based upon penal ordinances of the city of Dallas, and appellant asserts there was no evidence the collision occurred in Dallas. The testimony of the motorman so shows. Furthermore, plaintiff in her petition affirmatively alleged the collision occurred in said city, which dispensed with the necessity of proof of such fact by appellee. Wilson v. Beck (Tex. Civ. App.) 286 S. W. 315; City of San Antonio v. Newnam (Tex. Civ. App.) 201 S. W. 191; Rockhill Country Club v. Nix (Tex. Civ. App.) 198 S. W. 155.

Various propositions present the point that the defensive issues of contributory negligence above mentioned are not supported by the evidence. The testimony of the operator of the car clearly raises and supports the same.

Another group of propositions asserts that upon the evidence and findings judgment should have been rendered in appellants' favor. This is wholly untenable in view of the findings upon contributory negligence and discovered peril, all of which findings the evidence supports.

The matter of newly discovered evidence presents no error. No diligence was alleged or shown why it was not discovered and presented on the trial. On the contrary, the want of such diligence is apparent. Furthermore, such evidence was not material.

Our rulings dispose of all propositions presented.

Finding no error, the judgment is affirmed.