## HOLLAND v. McLELLAND.

### No. 9367.

Court of Civil Appeals of Texas.
San Antonio.
May 23, 1934.

Rehearing Denied June 13, 1934.

Paul H. Brown, of Harlingen, for appellant.

Abney & Whitelaw, of Brownsville, and Osce Fristoe, of Harlingen, for appellee.

MURRAY, Justice.

This suit was instituted by Manning Holland, a minor, suing by his father and next friend, B. M. Holland, against A. M. McLelland for damages resulting from injuries re-

ceived by him in an automobile accident. It is alleged that the accident was the result of the negligent driving of the automobile by Randall McLelland, the fourteen year old son of A. M. McLelland.

A. M. McLelland owned two' cars, one a five passenger Buick and the other a two passenger Ford. The five passenger Buick was the family purpose car, and the Ford was his business car. The Ford had, on a few· occasions, been used by members of the family, but only with the express consent of the father. Sometimes on Sunday the father had, in company with the mother, used the Ford to drive out in the country to look over farms under his control.

The testimony in regard to the use of the two cars was procured largely from Ralph McLelland, an older brother of Randall's, but as it is uncontradicted must be accepted as the true statement of the facts. It is clear, from the testimony, that the Buick car was the family purpose car and that the Ford was not a family purpose car, but A. M. McLelland's business car.

On the night of December 12, 1930, Ralph McLelland secured permission to use his father's Ford to take himself and his younger brother to a Boy Scout meeting. Ralph was at the time seventeen years of age, and was given instructions not to let his younger brother drive the car. They arrived at the place where the scout meeting was to take place, but the meeting did not develop and Ralph let Randall take the car to go on' a pleasure ride, in consideration of Randall· furnishing him the price of admission to the picture show.

Randall picked up eight children, of about his own age, and began what plaintiff termed a joy ride, ending in an accident in which Manning Holland's right arm was crushed.

At the close of the testimony the trial judge instructed a verdict in favor of appellee, A. M. McLelland, and Manning Holland, acting by and through his father and next friend, has perfected this appeal.

The real question here presented is whether or not A. M. McLelland, the father, is responsible and liable for the negligence of his son, Randall, under the above circumstances.

It is clear that the Ford was not a family purpose car. Randall McLelland did not have his father's consent to use the car, but was driving it without the knowledge and against the instructions of his father. Randall was not engaged in any business of his father's but was on a joy ride of his own, wholly disconnected from even the purpose

for which Ralph had secured the car, that is, to go to and return from the Scout meeting. The father does not owe to his fourteen year old son the duty of furnishing him with a car in which to take a joy ride ·at night, unaccompanied by other members of the family.

It seems to us that the rules laid down by the Commission of Appeals in Cook v. Mann, 40 S.W.(2d) 72, 74, definitely decide the propositions here raised. Justice Short, in speaking for the court, uses the following language:

"Moreover, the court also found that the son, in using the car, did so on this occasion for his own pleasure, meaning that the car was not only used without the knowledge of the father, but that it was not being used, at the time damage was done, for any purpose of the father. In order that a principal shall be liable for the acts of another, in the capacity of an agent, the acts must be done either by express authority of a person in the capacity of a principal, or done in the ordinary scope of the employment of the agent acting for his principal. Here we have a finding that the son not only did not act by any express authority of the father in taking the car, but that in doing so he was pursuing his own pleasure, meaning that the relation of principal and agent did not exist at the time the damage was done. The relationship of parent and child does not necessarily involve the relation of principal and agent or of master and servant. The parent has the right to the control and custody of the child, and the right to his services and earnings, and is under an obligation to maintain and educate the child. But these rights and duties create no authority in the child to represent and bind its parent. There is no such relationship existing between father and son, though the son be a minor and living with the parent, as will make the acts of the son more binding upon the father than the acts of any other person. The authority of a child to bind its parent by its acts can only arise out of an express or implied delegation of that power by the parent. According to the findings of fact, relating to the principle of law, applicable to principal and agent, the son, in taking this car and using it in the manner he did, was not acting as the agent of the father, but on the contrary, the court finds facts which necessarily mean that he was not."

See, also, Kibble v. Lamar, 227 Mo. App. 620, 54 S.W.(2d) 427; Trice v. Bridgewater (Tex. Civ. App.) 51 S.W.(2d) 797.

Appellant contends that the case of Prince

v. Taylor (Tex. Civ. App.) 171 S. W. 826, is directly in point and should govern this cause. We conclude otherwise. In the Prince Case the car was a family purpose car. It was actually being used at the time of the accident as a family car. The mother was present; the paid chauffeur of the father was present and permitted the minor son to drive the car. The minor son was driving the car with the implied consent of the mother and the expressed consent of the chauffeur, and in furtherance of the very purpose for which his father was maintaining the car, to wit, the recreation and pleasure of the family. The facts are very different in the present case.

Under the undisputed testimony, as developed by appellant, Manning Holland, there were no issues of fact to be submitted to the jury and the court properly instructed a verdict for appellee A. M. McLelland.

The judgment is affirmed.