STRAFFUS et al. v. BARCLAY et ux.

No. 5901.

Court of Civil Appeals of Texas. Amarillo.
Oct. 11, 1948.

Rehearing Denied Nov. 13, 1948.

H. H. Cooper, of Amarillo, and W. D. Wilson, of Lubbock, for appellants.

James W. Witherspoon, of Hereford, for appellees.

STOKES, Justice.

This is an action for damages instituted by the appellees, Ray Barclay and his wife, against the appellants, Carl Straffus and his daughter, Hilda Katherine Straffus, who lived on the farm with her father. The record reveals that on November 8, 1947, appellants were traveling on a paved highway in a southerly direction in their automobile returning from Vega to their farm home south of Hereford. Appellees were returning to their home from a farm located south of appellants' home and were traveling in their automobile in a northerly direction on the same highway. Appellants' home was located on the east side of the highway and, upon reaching a point opposite the driveway, they stopped their car and then turned to the left, intending to enter the driveway. Appellees reached the point where appellants were crossing from the west side of the highway to their driveway before appellants cleared the highway and a collision between the two automobiles ensued. As a result of the collision, all four of the parties received personal injuries and both automobiles were badly damaged. Appellants answered by general denial, allegations of negligence on the part of appellees causing the collision and reconvened in a cross action against appellees.

The case was submitted to a jury upon special issues, in answer to which the jury found that appellant, Hilda Katherine Straffus, who was driving the automobile, was guilty of negligence in a number of particulars and exonerated the appellees of any negligence. The court rendered judgment upon the verdict in favor of appellees against appellants for the total sum of $5,906.85 and denied appellants any recovery upon their cross action against appellees. Appellants' motion for a new trial being overruled they perfected an appeal and present the case in this court for review upon a number of assignments and points of error in which they contend, first, that the court erred in rendering judgment against Carl Straffus because the evidence did not show he was guilty of

any act of negligence and no special issue was submitted to the jury concerning any negligence on his part. Secondly, they contend the court erred in overruling their motion for a new trial because of misconduct of the jury. Thirdly, they assign error of the court in rendering judgment against them because the evidence showed, and the jury found, that appellee, Ray Barclay, was operating his automobile with the lights dimmed and this was the principal cause of the collision. Fourthly, they complain of the form and substance of numerous special issues.

▮ The automobile in which appellants were riding belonged to appellant, Carl Straffus, and was comparatively a new car. It was being operated by his adult daughter, the appellant, Hilda Katherine Straffus. They were returning from Vega, in Oldham County, where they had been upon a mission with which the daughter was principally concerned although her father made the trip with her principally, it seems, for his own pleasure. He was a man eighty-two years of age and, while he was capable of driving the car and was equipped with a state license to do so, he seldom operated it, preferring that his daughter, a much younger person, perform that service. He was riding in the front seat with Hilda and, when they stopped in front of their home, on the opposite side of the highway, they looked both forward and backward to see if any other cars were approaching. They observed none approaching from the rear but observed a light down the road south of them. They testified it was small and appeared to be a lantern or a flashlight and that they did not know it was an approaching automobile. They discussed the feasibility of crossing the highway and concluded it was safe to make the crossing. The father testified that they considered it perfectly safe because they had only twenty-two feet to traverse and they believed it was safe to undertake the crossing. There was no special issue submitted to the jury as to any negligent act of appellant, Carl Straffus, and appellants' first contention is that the court erred in rendering judgment against him. There was no controverted issue concerning the actions of Carl Straffus, hence no occasion to submit any special issue as to his negligence, but it does not necessarily follow that judgment should not have been rendered against him. All of the evidence showed the automobile in which they were riding belonged to him and that it was being operated by his daughter. He was riding on the front seat with her at the time of the accident. He not only acquiesced in her conclusion to cross the highway at the time she attempted to do so but he discussed with her the feasibility of doing so and agreed with her that it was safe and proper for her to proceed to their driveway. We think it is conclusive from the evidence that the daughter was driving the car for both herself and her father. As the owner of the car, appellant, Carl Straffus, had the right to control it and direct the manner in which it should be operated. He was interested in its movement and operation the same as his daughter and she was undoubtedly acting for him as well as for herself. If, therefore, she was guilty of any negligence in the manner in which she drove and operated the automobile, her negligence is imputable to him. Cocke v. Mattingly, Tex.Civ.App., 28 S.W.2d 871; Roland v. Anderson, Mo. App., 282 S.W. 752; Johnson v. Newman, 168 Ark. 836, 271 S.W. 705.

▮▮ The next contention presented by appellants has reference to alleged misconduct of the jury. In their motion for a new trial appellants alleged numerous acts of misconduct. A special hearing was held by the court upon the allegations and appellants contend that numerous acts of misconduct of such a nature as to require a reversal of the case was revealed by the testimony. They alleged that, although the case was submitted to the jury upon special issues, the jury refused to follow the instructions of the court to find the facts in respect to each issue but, instead, either by direct vote of the jurors or by common consent and acquiescence, they agreed that appellees should recover and then, without any consideration of the evidence, proceeded to answer each and all of the special issues in such manner as would, in the judgment of the jurors, entitle appellees to a judgment. We have read the entire 155

pages of testimony adduced upon the motion for a new trial and, in our opinion, it failed to establish the allegations of appellant. It is well established by the authorities that it is reversible error for a jury, in advance of answering the issues submitted, to agree that a verdict will be rendered in favor of any particular party to the suit and then attempt to answer the questions submitted in the special issues with a view of bringing about that result. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Texas Electric Ry. Co. v. Swofford, Tex.Civ.App., 159 S. W.2d 938; Kindy v. Willingham, Tex.Sup., 209 S.W.2d 585.

■ We do not agree with the appellants, however, in their contention that that kind of misconduct was shown by the evidence in this case. Eleven of the jurors testified upon the hearing of the motion for a new trial and it is true, as asserted by appellants, that some of them testified that they reached and expressed the conclusion that appellees were in the right and appellants were in the wrong. Others testified that they intended to find in favor of appellees and that they intended that appellees should recover. One of them also testified that, "We tried to answer those issues and not make one conflict with the other." It is evident from the testimony, however, that the jurors who so testified were referring to the respective answers the jury had concluded to make to certain issues then being considered by them and that the statements made by them in their testimony had reference principally to findings of negligence and proximate cause. It is evident also that those who testified that the jury wanted to answer some of the questions so that appellees would recover were confused as to the meaning of the word "recover," used by counsel in the questions which he asked them. None of the jurors testified that any agreement on the whole case was entered into at any time during the deliberations. When asked specifically as to such a conclusion, all of them stated positively that no such agreement was entered into at any time. There is no evidence whatever that the jury deliberately attempted to make their answers to the special issues effective by framing

them in such way as that a judgment in favor of either party to the suit would necessarily result. All of the jurors testified that they considered the special issues separately and answered them consecutively. They said they answered each issue having regard solely to the question inquired about and a number of them testified that the foreman read each question as it was reached and the jury answered it in accordance with what they all agreed the answer should be before the foreman read to them the succeeding special issue. The authorities above cited discuss misconduct of this nature and, according to them and the many others cited in them, no misconduct was revealed by the testimony in this case. Even if some of the testimony should receive the interpretation placed upon it by appellants, there was ample testimony to neutralize it and support the conclusion of the trial court and the rule is well established that an appellate court is not authorized to interfere with conclusions of the trial court or jury when they are based upon conflicting testimony and there is substantial evidence to support them.

■ The third contention urged by appellants has reference to the act of appellee, Ray Barclay, in dimming his lights when approaching the scene of the collision. In answer to special issue No. 33 the jury found that, at the time of the collision, appellee, Ray Barclay, was operating his automobile with the headlights dimmed, but, in answer to the succeeding issues, they found that such was not negligence nor a proximate cause of the injury. Appellants assert that the driving of appellees' car after nightfall with the headlights dimmed was a violation of the law and negligence per se. They contend, therefore, that the findings of the jury that driving the car under such circumstances was neither negligence nor a proximate cause of the collision, manifestly was the result of an agreement of the jury to render a verdict that would require a judgment in favor of the appellees. We find nothing in this that indicates there was an agreement among the jurors that a biased verdict would be rendered and we cannot agree with appellants that appellees were

830

guilty of negligence in operating their automobile with the headlights dimmed. The evidence showed the accident happened after dark. Article 6701d, Sec. 127(b), Vernon's Annotated Civil Statutes, Acts of 1947, Fiftieth Legislature, p. 967, ch. 421, provides that when the driver of a motor vehicle approaches an oncoming vehicle within 500 feet, he shall use a distribution of light or composite beam so aimed that the glaring rays are not projected into the eyes of the oncoming driver, which simply means that he shall dim his headlights to avoid glare. Appellee was therefore doing nothing more than the law required him to do. Besides, it is a matter of common knowledge that headlights of an automobile on full beam in the nighttime projects glare into the eyes of the driver of an oncoming automobile and creates serious danger of accidents and collisions. For that reason, aside from the law, it is the common custom and highly proper to dim headlights of an automobile under such circumstances.

■ The fourth and last contention presented by appellants is that the court erred in both form and substance in the submission of a large number of special issues. They excepted to the submission of the issues upon the ground that there were neither pleadings nor evidence to support them and that in many instances the issues assume controverted facts and were upon the weight of the testimony. A discussion of all of the seven special issues questioned by appellants would extend this opinion to unreasonable lengths but we will discuss one or two of them in order to reveal the nature of appellants' complaints. They complain of the manner in which special issue number 1 was submitted. It required a finding of the jury as to whether appellant, Hilda Straffus, caused appellants' automobile to enter the east side of the paved portion of the highway without giving any notice of her intention to do so. Appellants contend that this special issue assumes that notice of the driver's intention to turn to the right or left could be communicated by lights upon the vehicle and that there is no rule of law which requires the giving of such notice by the manipulation of the headlights or any other light. We find

nothing of that nature in the special issue. Appellee, Ray Barclay, testified that no indication or warning was given by Hilda Straffus of her intention to cross the highway and that he did not see any hand or arm extended from the left side of her car. He said that, if she had extended her arm, he believed he would have seen it. Hilda testified that it was her custom to extend her hand and arm horizontally as an indication of her intention to turn her car to the left but that she did not know whether she did so upon this occasion. Sec. 70 of Art. 6701d, V.A.C.S., supra, provides that, upon the driver's conclusion and intention to make a left turn, the hand and arm shall be extended horizontally from the left side of the vehicle. The special issue complained of was designed to ascertain from the jury whether or not such notice, or any other notice, was given and, based upon the testimony to which we have referred, the jury answered the special issue to the effect that it was not given. In answer to special issues number two and three, the jury found that such failure to give notice was negligence and the proximate cause of the collision. In our opinion the special issue and answer of the jury thereto are not subject to the criticism made of them by appellants. They were supported by both the pleadings and the evidence and appellants' contention that the court erred in submitting the issue will be overruled.

■ Appellants complain of the submission of special issue No. 7 which required the jury to find whether or not appellant, Hilda Straffus, kept a proper lookout, that is, such as an ordinarily prudent person would have kept under the same or similar circumstances. The jury answered this special issue, "She did not." Appellants contend that the answer of the jury to this special issue was in direct opposition to the undisputed evidence. They assert that the uncontroverted testimony was to the effect that both Hilda Straffus and her father looked in front of them and behind them to ascertain if another car was approaching. They did so testify and, as no one else was present, their testimony was not controverted by any other witness. The facts showed, however, that appellees were approaching appellants from the south and

that Ray Barclay, the driver, had dimmed his lights when he was about a quarter of a mile from appellants. His car was a new one and he said the headlights were in good condition and that, when dimmed, they would illuminate the road at least 200 feet ahead. Appellants both testified the light they saw down the road ahead of them was a small one and they thought it was a flashlight or a lantern. Although they testified that they looked both ways, it is evident from the testimony that a proper lookout would have revealed appellees' approaching car at least 200 feet from them and it is deducible from their own testimony that, when Hilda turned her car and attempted to cross the highway, appellees were not more than 200 feet distance from them. It is obvious, of course, that the lights could be seen a much greater distance than the 200 feet immediately in front of appellees' car. It is clear therefore that the testimony presented an issue as to whether or not appellants were keeping a proper lookout immediately before they attempted to cross the highway and that the answer made to it by the jury was supported by the testimony.

We have given careful consideration to each assignment of error presented by appellants and, in our opinion, none of them reveals reversible error. The judgment of the court below will therefore be affirmed.